Hitchcock, J.
This case was submitted to the court, upon bill, answer,, exhibits, and testimony.
E. Wade, Russell and Case, for complainants, submitted full-arguments upon the facts of the case, and upon the law arising upon those facts. They cited the following authorities: Story’s Eq. Pl. 417; Trustees of Watertown v. Cowen, 4 Paige, 510; Sal *457 vidge v. Hyde, 5 Mad. 138; Story’s Eq. Pl. 234; Varick v. Smith, 5 Paige, 160; Brinkerhoff v. Brown, 6 Johns. Ch. 139, 160; Story’s Eq. Pl. 230, 82, 88, 89, 549, 708, 560, sec. 723; Carew v. Johnston, 2 Sch. & Lef. 293; Wright v. Lathrop, 2 Ohio, 54.
B. F. Wade, for the defendants, submitted the case without argument.
The case made in the bill of complaints is this: In the fore part of the year 1831, school district number 11, then number 5, in the township of Geneva, Ashtabula county, being about to erect a school-house, an agreement was made by parol, between the said district and the defendant, William Ellis, by which, in consideration that the said Ellis, who was a resident within the said district, should be exempted from any tax or contribution toward the erection of said house, the said Ellis agreed to furnish sufficient ground upon which to erect said *house, and also to make a lease to [457 the district of said ground. In pursuance of said agreement said district proceeded to erect upon the land of said Ellis a school-house, which land the said Ellis, nob having made a lease in pursuance of his agreement, subsequently sold to the defendant Beecher, he, Beecher, at the time of his purchase, having full notice of the rights of the district. Beecher, in the year 1839, fenced the said school-house into his inclosure and attempted to remove the same, whereupon the individual complainants, who are residents within ■jhe district, commenced an action of trespass against him before a justice of the peace, and by force prevented him from removing the house and threw down the fences by which it was inclosed. For these acts the defendant, Beecher, sued them in trespass before the same justice of the peace. The prayer of the bill is, that Beecher may bo decreed specifically to perform the contract of, Ellis, by making a lease of the ground upon which the schoolhouse stands, and that he may be enjoined from prosecuting his action of trespass.
To' this bill an answer was filed, and much testimony has been taken. In the view which we take of the case, it is unnecessary to recapitulate the answer or the testimony. It may not be improper, however, to say that the leading facts stated in the bill, so far as relates to the contract, are substantially proven. The object of Beecher, in removing the school-house, is to erect for himself a dwelling-house upon the same site. With respect to the propriety of this step the district are divided in opinion, and *458 a neighborhood warfare has sprung up which it will require something more than a mere bill in chancery to settle.
A careful examination of the bill in this case shows that the complainants have do community of' interest in the causes of complaint set forth; that two sej>arate and distinct causes of complaint are specified, seeking for separate and distinct decrees, and that the decrees sought can not be against the defendants jointly. One object of the bill is to compel a specific performance of a 458] contract entered into between school ^district number 11, in the township of Geneva, and defendant Ellis. So far as this part of the case is concerned the State of Ohio is properly made complainant, suing for the use of the district. Section 45 of the act for the better regulation of common schools, which took effect on April 1, 1838, provides that suits brought in behalf of any school district shall be brought in the name of the State of Ohio for the use of the district. For the purpose of enforcing this contract both Ellis and Beecher are properly made defendants, the contract itself having been made by Ellis, and Beecher having purchased the land with notice of its existence. But the other complainants have no interest in this part of the case. It is the school district as a corporation which is interested, not the individual members of the district.
The object, however, of making'these individuals complainants is disclosed. They have been sued in trespass, and they wish to have the proceedings in that case enjoined. This is not a matter in which the school district has any interest, nor was there any necessity of joining the state with the other complainants to effect this object; nor, in our opinion, was it proper to do it. Whatever might be the decree of the court with respect to this injunction, it could have no effect upon the rights of the district, or of the state suing for the use of the district. Besides, the bill shows most clearly that these individual complainants have an adequate defense at law and have no business in a court of chancery; and even if they had, this controversy is between them and Beecher. They have no complaint against Ellis. Then why is he made a defendant? As well might two individuals, who had contracts with a third for the conveyance of separate and distinct parcels of land, be joined as complainants in a bill to compel a specific performance as can these complainants be joined in this bill. In *459 the opinion of the court the bill is bad for multifariousness and must be dismissed.
But it is insisted, by complainants’ counsel, that the defendants can not object to the billon this ground, having submitted to answer. And the authorities cited in the argument show *thatmul- [459 tifariousness must be objected to by the defendant on demurrer, and can not be by him on the hearing. “ But the court may, ■. however, take the objection at the hearing sua sponte, for the court is not bound to allow a bill of such a nature, although the party may not take the objection in season.” 1 Story’s Eq. Pl. 224, n. 2. It is the usual practice of this court to dismiss bills for want of equity, although answers have been made and testimony taken.
The bill in this case is dismissed at the costs of the complainants, with the exception of the State of Ohio.
Bill dismissed.