WEST v. ST. JOHN.

63 287
103 140
63 287
105 660

1. **Replevin:** FROM SHERIFF BY PURCHASER OF PROPERTY LEVIED ON: NOTICE: BURDEN OF PROOF. Where defendant as sheriff had levied upon certain personal property as the property of the execution debtor, the property being in the possession of the debtor at the time, and the plaintiff sought to recover the property from the sheriff on the ground that he had purchased it from the debtor prior to the levy, *held* that the burden was upon the plaintiff not only to prove the purchase, but also to prove that either the judgment creditor or the sheriff had notice of such purchase prior to the levy.

2. **Execution:** DUTY OF OFFICER TO LEVY ON DEBTOR'S PROPERTY: DISCLAIMER BY DEBTOR: EFFECT OF. It is the duty of an officer having an execution to levy upon the debtor's property, as provided in section 3055 of the Code, and he is not required, upon a mere disclaimer by the debtor of any interest in the property, to postpone the levy and institute an inquiry as to the truth of the statement. So *held* in an action by a third party to recover the property from the *officer*. How the *execution plaintiff* might be affected by such disclaimer, if made to himself instead of to the officer, or how *he* might be affected if the debtor, at the time of the seizure, informed the officer that the property belonged to some third party, *quaere*.

3. ———: LEVY: WHAT IS COMPETENT EVIDENCE OF. The proper and best evidence of what an officer has done under an execution is the written return made by the officer thereon, as required by sections 3037, 3038 of the Code; and, in the absence of a showing that a return has been made upon the original execution and that it has been lost, or cannot be produced, a levy thereunder cannot be proved by a copy, nor by parol.

4. ———: LEVY OF NOT ABANDONED BY PREMATURE ISSUE OF SECOND EXECUTION. Where a levy has been made under an execution regularly issued, the mere irregular issuing of a second execution, before the return of the first one, is not of itself sufficient to establish an abandonment of the levy.

*Appeal from Mitchell Circuit Court.*

WEDNESDAY, APRIL 23.

ACTION for the recovery of an undivided interest in certain stacks of grain. The plaintiff alleges that he is entitled to the possession of the property by virtue of a contract with one David Pickel; that Pickel, being indebted to him in the

sum of $268, transferred said property to him to secure the payment of said debt, and with the agreement that the proceeds thereof, after deducting the expenses of threshing and marketing the grain, should be applied in payment of said debt; that this contract was oral, but that he took possession of the property under it; that defendant, as sheriff, seized said property on an executon issued on a judgment against said Pickel, but that he had notice, before the levy, of his (plaintiff's) interest in the property; and he alleges that said levy was afterwards abandoned; that the execution was surrendered and returned to the execution plaintiff for the purpose of having it levied on other property in another county; and that other property belonging to Pickel, and situated in Worth county, was seized upon it.

The defendant in his answer admits that he levied upon the interest of said Pickel in said stacks of grain, by virtue of an execution against said Pickel in favor of Gammon & Deering, and he denies all other allegations. There was a verdict and judgment for defendant, and plaintiff appeals.

*M. M. Brown* and *L. M. Ryce*, for appellant.

*J. H. Sweeney*, for appellee.

REED, J.—I. The evidence given on the trial tended to prove the contract between plaintiff and Pickel, substantially

1. REPLEVIN: from sheriff by purchaser of property levied on: notice: burden of proof.
as it is alleged in the petition. It shows that the grain was raised by Pickel on the farm on which he lived, and which he cultivated as a tenant. When the contract was made, a portion of the grain was not yet stacked, and it was agreed that Pickel should finish the stacking; also, that he should protect the stacks from the cattle until plaintiff could thresh the grain. Plaintiff lived a mile and a half from the place on which Pickel lived, but was on that place when the contract was made, and the stacks were pointed out to him. He went to the stacks a number of times after the contract to look after them. Defendant made the

levy about eight or ten days after the contract was made. Pickel had not yet finished the stacking when the levy was made, and nothing had been done with the property which would in any manner indicate that there had been a change of ownership.

The only evidence which it is claimed had any tendency to prove that either defendant or the plaintiff in execution had notice of plaintiff's purchase, before the levy, was the testimony of Pickel, who swore that he told defendant on the day of the levy that he had no interest in the property. The court, after telling the jury that, if the property remained in Pickel's possession and under his control after the contract, the sale to plaintiff would not be valid as against the creditors of Pickel who had no notice of the sale, but that, if defendant, or the plaintiff in execution, had actual notice of the sale to plaintiff at the time the levy was made, or prior to that time, they acquired no interest in the property as against plaintiff, gave this instruction: "But on the question of notice, the burden of proof is on plaintiff to establish the same by a preponderance of evidence." The plaintiff assigns the giving of this instruction as error.

The position of counsel is that, when plaintiff had proved a sale of the property by Pickel to him, which was good as between them, the burden was on the defendant, who was disputing his right, to establish such facts as would defeat it.

The satisfactory answer to this claim, however, is, that plaintiff is asserting a right to the property as against the defendant, and the burden is on him to establish his right. To entitle him to recover as against defendant, he must prove that his right to the property is superior to that claimed by defendant. His right to the property as against Pickel is dependent on the single fact of the sale by Pickel to him; but as against a creditor of Pickel, who has caused it to be seized on process against Pickel, it is dependant on two facts, viz., the sale by Pickel to him, and notice of that fact to the creditor before the seizure; and it is manifest that he is not en-

titled to recover until he has established each of these facts.

II. The court instructed the jury that, if defendant, at the time of the levy, or prior to that, had good reason to suspect or believe that plaintiff had a claim to the property, it was his duty to make reasonable inquiry to ascertain the nature and extent of that claim, and that he would be chargeable with any notice or knowledge which such reasonable inquiry would have given him.

*2. EXECU-
TION: duty
of officer to
levy on debt-
or's property:
disclaimer by
debtor: effect
of.*

It then gave the following instruction: "But a simple disclaimer, at the time of the levy, by Pickel, the execution debtor, of having any interest in the property, would in itself not have been sufficient to put the defendant on inquiry, or to justify him in postponing the levy and incurring the risk of having the execution debtor dispose of the property, or otherwise place it beyond defendant's reach."

Plaintiff assigns the giving of this instruction as error. The objection urged against the instruction is, that the disclaimer by Pickel that he had any interest in the property was equivalent to a declaration that it belonged to some other party, and it should have been left to the jury to say whether this was sufficient to put defendant on inquiry as to whom it belonged to.

We think the instruction is correct. While in a certain sense defendant was the agent of the plaintiff in execution, his duties with reference to the levy are clearly defined by statute. Section 3055 of the Code provides that "an officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing from some other person, his agent or attorney, that such property belongs to him.".

Now, it may be true, if the officer, when he is about to make the levy, is informed that the property which he is about to seize belongs to another than the defendant, that the plaintiff in execution would be affected by this notice; and we do

not determine that the plaintiff in execution would not have been put upon inquiry, if the disclaimer had been made by Pickel to him in person, at the time it was made·to defendant. But this section of the Code leaves the officer no discretion. His imperative duty under it is to make the levy at once, and it is certainly not his duty, on a mere disclaimer by the defendant of any interest in the property, to institute an inquiry as to the truth of the statement.

III.  Plaintiff introduced in evidence the judgment docket, which showed that, before the execution on which defendant seized the property was returned, a second execution was issued on the judgment of *Gammon & Deering v. Pickel*, directed to the sheriff of Worth county. He also offered in evidence what was claimed to be a copy of this execution, with a return thereon by the sheriff of Worth county, showing a levy on certain personal property. This was objected to as incompetent, and the objection was sustained. Plaintiff then offered to prove by parol that a levy had been made in Worth county on certain personal property by virtue of the second execution, but the evidence was excluded on the same ground. These rulings are assigned as error. We think they were correct. The statute—sections 3037 and 3038 of the Code—requires the officer to make his return in writing indorsed on the execution, and to return the writ with such indorsement to the office of the clerk who issued it. If the execution was lost or destroyed, it may be that it would be competent to make the return on a copy of the writ; but in that case the fact of the loss or destruction of the writ ought to be shown by the return. The paper offerred in evidence in this case showed nothing of the kind, and it did not appear but that the writ was still in the hands of the officer. This paper, then, was in no sense a return of the execution, and it was not competent evidence of what had been done by virtue of the writ. As the return is required to be in writing, it is the primary evidence of what the officer has done under the writ, and plaintiff was not entitled

*[margin note: 3. ——: levy: what is competent evidence of.]*

to prove the doings of the officer by parol, until he had shown that a return had been made and had been lost, or that it could not be produced; and this was not shown. The parol evidence, then, was properly excluded.

IV. The court instructed the jury that the mere issuance of the second writ, before the return of the execution under

4. ———; levy which the levy was made, would not of itself be of not aban- doned by sufficient to establish an abandonment of the levy. premature issuance of The giving of this instruction is assigned as error. second exe- cution. The issuance of the second execution before the first was returned was irregular. § 3025 of the Code. But it did not have the effect to vacate the levy made under the first writ. It is the issuance of the second writ which is forbidden by the statute, and neither the first writ nor what had been done under it was affected by its issuance. Neither did it indicate a purpose by the plaintiff in execution to abandon the levy under the first writ, but rather the contrary. If he had intended to abandon that levy, the natural course would have been to have the execution returned and a second one issued. By procuring the second writ to issue, directed to the sheriff of another county, before the first was returned, he indicated his purpose to retain whatever advantage he had obtained under the first writ, and there was no other evidence which it is claimed tended to show an intention to abandon the levy. We think, therefore, that the instruction is correct. The judgment of the circuit court is

AFFFIRMED.