[L. A. No. 2447. Department Two.—March 24, 1910.]

## SOPHIE B. WELDON, Executrix of Will of T. J. Weldon, Deceased, Respondent, v. RALPH ROGERS, Appellant.

EXECUTION—LEVY AND RETURN—ORDER OF SALE—TITLE OF PURCHASER —APPEAL—CORRECTNESS OF RETURN COLLATERAL.—The title of a purchaser at sheriff's sale does not depend upon the return to the writ of execution; and after an execution has been levied, and returned without sale, upon appeal from a subsequent order of sale requiring the sheriff to make the sale under the levy, the correctness of the return is collateral to the appeal, and the failure to comply with the statute in making the levy cannot be reviewed upon such appeal.

ID.—PRIOR LEVY NOT ABANDONED—NEW EXECUTION FOR COSTS UPON APPEAL—VOID PROCESS.—The prior levy under the execution upon the original judgment cannot be held void by reason of the issuance of a new execution for costs upon appeal, which is not an *alias* execution upon the original judgment, and which is in fact a void process because issued upon a judgment declared void.

ID.—EFFECT OF IRREGULAR ALIAS EXECUTION—ABANDONMENT NOT INFERRED.—The issue of an *alias* execution, while a levy under a prior execution remains undisposed of, is an irregularity which might be corrected by vacation of the second writ. Unless other circumstances tend to establish the abandonment of the prior levy, it cannot be inferred from the mistaken issue of an *alias* writ; nor is an abandonment of a regular and adequate levy inferable from a subsequent irregular levy.

ID.—DELAY THROUGH MISTAKEN REMEDY—MERE DELAY NOT ABANDONMENT.—The delay to enforce a prior levy under execution through mistaken remedy for supposed stay of execution pending an appeal does not indicate an intention to abandon the levy. Mere delay in making the sale does not operate as an abandonment.

ID.—TIME OF SALE DIRECTORY—CONTROL OF COURT.—Where the right exists to subject the property to a sale for the satisfaction of the judgment, the time within which it may be done is directory and under the control of the court.

ID.—VOID SUBSEQUENT SALE — RIGHT OF PURCHASER TO RETURN OF MONEY.—Where a void subsequent sale is made, the purchaser thereunder is entitled to the return of his money; and there can be no credit upon the original judgment by reason of such void sale.

ID.—ORDER OF SALE TO SATISFY LEVY—WITHDRAWAL OF RETURNED EXECUTION.—Where the court has made an order of sale to satisfy the levy under the returned execution, the court may direct the withdrawal of the returned writ from the files of the court for the sheriff's use in making such sale.

ID.—POWER OF COURT OVER RECORDS.—The court has complete authority over its own records, and has power to pursue any suitable method for effectuating its judgments and orders which may appear most conformable to the spirit of the code.

ID.—UNEXECUTED SALE EFFECTED BY SUCCEEDING SHERIFF.—Although the general rule, in the absence of statutory mandate to the contrary, is that the officer who made a levy under writ of execution upon personal property must complete the sale, yet under the statutory rule in this state, "when any process remains with the sheriff unexecuted in whole or in part, at the time of his death, resignation of office, or at the expiration of his term of office, said process shall be executed by his successor or successors in office."

ID.—FINDING THAT WRIT WAS UNEXECUTED.—The order of the court withdrawing the writ from the files of the court for the new sheriff's use was in effect a finding that the process was returned without proper authority, and that therefore the writ had, in contemplation of law, remained with the sheriff unexecuted.

APPEAL from an order of the Superior Court of Los Angeles County directing the sale of property levied upon under execution. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellant.

J. W. McKinley, and Lewis Luckel, for Respondent.

MELVIN, J.—This is an appeal from an order of the superior court of Los Angeles County made and filed on the eighth day of March, 1909, requiring the sheriff of that county to sell the real and personal property upon which levy had been made under and pursuant to a writ of execution issued on the tenth day of April, 1905. Defendant also appeals from that part of the order which authorized the sheriff to withdraw the execution from the files of the court for the purposes stated in the order.

The original execution in this case was issued on the date last mentioned under the provisions of section 685 of the Code of Civil Procedure which had been amended during the first five years of the life of the judgment. Under this execution levy was made upon certain real and personal property of the defendant, and then an appeal was taken from an order refusing to set aside the order enforcing the judgment.

An undertaking on appeal was given, appellant claiming and respondent denying that this bond was potent to stay the execution. In order that this question might be authoritatively determined, defendant, on July 18, 1905, gave notice of motion for a writ of *supersedeas.* Pending the hearing thereon, all proceedings were stayed by order of this court from September 14, 1905, to October 16th of the same year when the motion for the writ of *supersedeas* was denied. The sheriff, however, without any suggestion from the respondent had returned the writ showing the levy upon certain property. The date of this return was August 11, 1905. This is the writ contemplated in the order from which the present appeal is taken.

Subsequent to the denial by this court of the writ of *supersedeas* the defendant filed an undertaking in double the amount of the judgment conditioned that if the order appealed from or any part thereof should be affirmed, or the appeal dismissed, appellant would pay to respondent the amount involved.

On July 23, 1907, this court affirmed the order of April 10, 1905, enforcing the judgment. (*Weldon* v. *Rogers,* 151 Cal. 432, [90 Pac. 1062].)

Supposing that the undertaking in double the amount of the judgment had operated as a stay, respondent had not directed anything to be done by the sheriff under the original levy. Instead, a judgment on the bond was entered against the sureties and the appellant, and execution thereon was issued. On appeal this judgment was held void with respect to defendant because it was entered *ex parte* as to him, and this court also determined that, under section 942 of the Code of Civil Procedure, the bond did not operate as a stay, and that, therefore, neither the sureties nor the appellant were liable. (*Weldon* v. *Rogers,* 154 Cal. 632, [98 Pac. 1070].)

On February 23, 1909, plaintiff gave notice of motion for an order directing the clerk to issue a writ of *venditioni exponas,* or an order commanding the sheriff to sell the property upon which levy had been made under the original writ, and, as we have seen, this appeal is from the order granting that motion.

Appellant's first contention is that there never was any valid levy on his personal property, owing to the fact that the

sheriff's return shows that he transposed the notices of at-
tachment so that the cashier of the Pacific Savings Bank was
notified of a levy on the stock of defendant in the Ralph
Rogers Company, while the secretary of the last-named cor-
poration was apprised of a similar attachment on defendant's
stock in the Pacific Savings Bank.      *Blood* v. *Light,* 38 Cal.
649, [99 Am. Dec. 441], is cited as authority to the effect that
such mistake is fatal to the validity of the levy.      That case,
however, is authority against appellant's contention, for it is
there held, as to the sheriff, "that his power to sell comes from
the judgment and execution, and is not to be measured by his
proceedings under the writ; . . . that the performance of the
acts described in the statute as a levying of the execution is
material only in reference to the intervening rights of third
persons, or persons who are not parties to the writ; that it is,
undoubtedly, the duty of the officer to proceed strictly accord-
ing to the statute, and if he does not do so, the sale may be
set aside, upon motion, or he may be made to respond in dam-
ages to any one who has been injured by his neglect; but it
would be gross injustice to hold that by proof of such neglect,
made, perhaps, years after the sale, the purchasers' title shall
be defeated."

It has been frequently held that the title of the purchaser at
sheriff's sale does not depend on the return to the writ.
*Hibbard* v. *Smith,* 67 Cal. 564, [56 Am. Rep. 726, 4 Pac. 473,
8 Pac. 46]; *McFall* v. *Buckeye Grangers' Warehouse Assoc.,*
122 Cal. 471, [68 Am. St. Rep. 47, 55 Pac. 253].)      It is there-
fore clear that the matter of the correctness of the sheriff's
return is one collateral to this appeal.

The next and principal point made by the appellant is that
the levy of April 10, 1905, under the writ of execution of that
date, was abandoned and could not be revived thereafter.      The
only authority cited in this behalf is Freeman on Executions,
section 271, where it is said, among other things, that "the only
proper object of a levy is to compel satisfaction of the writ out
of the property seized; and if the plaintiff, by his long delay
in following his levy by a sale, or by directions to return the
writ unsatisfied, or by any other course of action, indicates
that his employment of the writ is not to coerce the prompt
payment of his debt, then the levy is abandoned.      When
property levied upon is not sold before the return day, the

proper writ to enforce a sale thereof is a *venditioni exponas;* while the proper writ to authorize a new levy is an *alias fieri facias.* Hence, the suing out of the latter instead of the former writ has sometimes been held to be conclusive, and sometimes to be *prima facie* evidence that the plaintiff had abandoned his levy." We are asked to hold here that the execution of January 14, 1908, constituted practically an *alias* writ, and that whether we consider the issuance of such writ as conclusive or *prima facie* evidence of abandonment, the order reviewed in this appeal, based, as it was, upon the records alone, is void because made without jurisdiction. We fail to see, however, how the later execution, purporting to be based upon the undertaking on appeal, must be taken as an *alias* to the execution on the judgment; or how the mistaken resort of respondent to that void process was evidence of an abandonment of the original levy. Freeman, in the very section cited by appellant, observes that "the issue of an *alias* or second execution, while a levy on a prior writ remains undisposed of, is an irregularity which might very properly be corrected by the vacation of the second writ. It indicates misguided zeal in attempting to obtain satisfaction rather more than a desire to permit the first writ to become dormant, or to abandon any advantage gained by it. Unless other circumstances tend to establish the abandonment of a levy, we do not understand how it can be inferred merely from the mistaken and irregular issue of an *alias* writ. Nor is an abandonment of a regular and adequate levy inferable from a subsequent irregular levy."

While we do not question the fact that respondent at one time mistook her remedy and that the pursuit of appellant's property under the original execution was postponed on account of the appeal disposed of by the decision in the 154th volume of the California Reports, [98 Pac.], we do not see that her course of action indicated an intention to forego any advantage which she may have theretofore obtained by reason of the existence of the writ issued in 1905. That the issuance of a second writ is not necessarily an abandonment of the first one, has been held in *Dunham* v. *Bentley,* 103 Iowa, 140, [72 N. W. 437]; *Bouton* v. *Lord & Hatheway,* 10 Ohio St. 458; *Mason* v. *Hull,* 55 Ohio St. 272, [45 N. E. 632]; *West* v. *St. Johns,* 63 Iowa, 292, [19 N. W. 238]; *Menge* v. *Wiley,* 100 Pa.

St. 619. Nor does mere delay in making the sale operate as an abandonment of the levy, as was said by this court in *Southern California Lumber Co.* v. *Ocean Beach Hotel Co.*, 94 Cal. 224, [28 Am. St. Rep. 115, 29 Pac. 629], speaking of the validity of a sale by the sheriff after the return day of the writ: "Having the right to subject the property to a sale for the satisfaction of the judgment, the time within which it may be done is but directory, and under the control of the court."

The court did not err in ordering a sale for the full amount of the judgment. Although under the void execution of January 14, 1908, there was, according to the return thereon, a sale made by the sheriff of Orange County, the purchaser under that writ was entitled to a return of his money, and there could properly be no credit upon the original judgment by reason of such sale.

The withdrawal of the writ from the files for the sheriff's use was proper, the court having complete authority over its records and having power also to pursue any suitable method for effectuating its judgments and orders, which may appear most conformable to the spirit of the code. (Code Civ. Proc., sec. 187.)

Appellant is of the opinion that as far as the personal property is concerned, any sale thereof should have been made by the sheriff making the levy and not by his successor in office. In this behalf he cites section 62 of Freeman on Executions, 3d ed. Although the general rule in the absence of statutory mandate to the contrary was that the officer who made the levy under a writ of execution on personal property must complete the sale, we have in this state section 4171 of the Political Code, which is but a re-enactment of a law that has existed in California since 1883. (See sec. 107 of the County Government Act; Stats. 1883, page 322.) This section provides that "when any process remains with the sheriff unexecuted, in whole or in part, at the time of his death, resignation of office, or at the expiration of his term of office, said process shall be executed by his successor or successors in office." Appellant would have us make the distinction that the rule above announced does not apply to process which did not remain with the sheriff unexecuted, but which, before his term expired, had been returned. The very order of the

court, however, withdrawing the writ from the files for the sheriff's use, was in effect a finding that the process was returned without proper authority, and that, therefore, the writ had, in contemplation of law, remained with the sheriff unexecuted.

The order from which this appeal is taken is affirmed.

Lorigan, J., and Henshaw, J., concurred.