J. WHITAKER et al., Appellants, v. ANNA TIEDEMANN et al.,
Appellees.

EXECUTION: Levy—Essential Acts Necessary. Principle reaffirmed
1   that, to make a valid levy on personal property, the officer must do
something which will amount to a change of possession, or which
is equivalent to a claim of dominion over the property, coupled with
the power to enforce it. (See Book of Anno., Vol. 1, Sec. 11669,
Anno. 1 et seq.)

EXECUTION: Levy—Jointly Owned Property. No enforcible lien can
2   be created by levy on execution against property owned jointly,
unless the property is inventoried and appraised as provided by
statute (Sec. 11680, Code of 1924), with a view to determining the
interest of the individual execution defendant.

EXECUTION: Levy—Return as ''Unsatisfied''—Effect. The return of
3   a writ of execution as wholly unsatisfied deprives the execution
plaintiff of all basis for impressing a trust on the proceeds of prop-
erty on the theory that the property was once validly levied on
under the said returned writ.

Headnote 1:  23 C. J. p. 436.  Headnote 2:  23 C. J. p. 444.  Headnote
3:  23 C. J. p. 512.

*Appeal from Adair District Court.*—W. S. COOPER, Judge.

OCTOBER 27, 1925.

ACTION in equity to establish a constructive trust. The
opinion states the facts. The trial court dismissed the petition,
and taxed the costs to the plaintiff, who appeals.—*Affirmed.*

*Wilson & Kellam,* for appellants.

*A. M. Fagan,* for appellees.

DE GRAFF, J.—The plaintiff Whitaker, by action in equity,
seeks to have impressed a trust on a certain fund in the posses-
sion of the defendant Citizens Savings Bank, and prays that
said fund shall be applied on a judgment held by him against
the defendant Anna Tiedemann. It is necessary to state the

salient facts, to make understandable the nature of the action and the relation of the parties thereto.

On the 10th day of November, 1921, the plaintiff J. Whitaker recovered a judgment in the district court of Adair County against Mrs. Anna Tiedemann for $1,206.87 and costs. In an attempt to collect this judgment, which is valid and wholly unpaid, plaintiff caused an execution to issue, and by virtue thereof a levy was made December 14, 1922, by the sheriff on 2,379 bushels of corn contained in two cribs located on an Adair County farm occupied and partly owned by Anna Tiedemann. In making the levy, the sheriff went upon the premises, measured the corn in the cribs, posted notices of the levy on the cribs, and served the notice of levy on Mrs. Tiedemann by personal service and leaving her a copy thereof. Notice of sale was given by personal service on Mrs. Tiedemann and by publication. On the day fixed, to wit, January 4, 1923, and in conformity to the notice, the sheriff offered the corn for sale, but no bids were received. The then acting sheriff (who by agreement is joined as a party plaintiff in this action), being unfamiliar with his duties in the premises, did not adjourn or postpone the sale for want of bidders, but returned to the county seat and communicated to the plaintiff's attorney what had been done. Thereupon, the sheriff was instructed to retain the levy and give a new notice of sale.

On January 16, 1923, the sheriff went to the home of Mrs. Tiedemann for the purpose of serving the new notice, and then and there discovered that the corn subject to levy had been shelled and removed from the farm on the preceding day. The sheriff testified:

"When I came back and reported that, I returned the first execution, and then received another execution, which is marked Exhibit N. I did not make a levy under the new execution. The only thing I did under the new execution was to serve garnishment proceedings."

Nothing is now claimed under the writ of garnishment.

The record further discloses that the corn in question was sold by Mrs. Tiedemann to E. W. Miller & Company, of Casey, and that a check payable to the order of Mrs. Tiedemann and Citizens Savings Bank, in the sum of $1,075.10, was issued

January 16, 1923, by C. L. Knox, agent of the purchasing com-
pany. This check was indorsed by Mrs. Tiedemann and given
to Fred Gray, accompanied by a written assignment to Gray of
"all my right in corn sold to E. W. Miller & Company, and re-
quest that he pay interest on incumbrances on land and taxes
with same." No consideration was given for this assignment
to Gray, who was the president of the Citizens Savings Bank.
It is conceded that the money was in the bank at the time of
the trial.

It further appears that George W. Rutt, the legal guardian
of the minor children of Mrs. Tiedemann, intervened in this
action, and alleged that his wards were the joint heirs of an
undivided 6/15ths of the land, and that Anna Tiedemann, the
mother, held the crops grown upon the real estate in trust for
the minor heirs, and also on behalf of the adult heirs of the de-
ceased father, John Tiedemann.

The evidence warrants the finding that the title to said
real estate was in the surviving spouse, Anna Tiedemann, and
the ten children, as heirs, and that a contractual relation existed
between the mother, the adult children, and the guardian of
the minors, whereby the mother had control and management of
the farm, and from the proceeds thereof was to provide for the
minors and pay the taxes on said real estate and the interest on
outstanding mortgages.

On February 28, 1923, the petition of plaintiff in this action
was filed. On the conclusion of the testimony, the trial court
dismissed the petition for the reason that "the release of the
levy operated to discharge whatever lien he had on the corn,
and so destroyed the very foundation of the right to impress
the money with a trust."

Two primary questions arise on this appeal. (1) Was
there a valid levy on the corn? (2) If the levy is viewed as
valid, did its release and the return of the execution unsatisfied,
prior to the commencement of this action to impress a trust upon
the proceeds of the corn alleged to have been converted, destroy
whatever right existed in plaintiff to have a lien impressed as
prayed?

To make a valid levy on personal property, the officer must
do something which will amount to a change of possession, or

which is equivalent to a claim of dominion over the property,
coupled with power to enforce it. *Peppers v.*
*Harris,* 145 Iowa 635. See, also, *Barr v. Cannon & Gunn,* 69 Iowa 20; *National Bank of
Holton v. Duff,* 77 Kans. 248 (16 L. R. A. [N. S.] 1047, with
note). In *Rix & Stafford v. Silknitter,* 57 Iowa 262, we held
that the facts in that case did not constitute a valid levy upon
the property in controversy; and the showing may be considered
stronger than in the case at bar.

1. EXECUTION:
   levy: essential
   acts necessary.

A more determinative proposition, however, involves the
ownership of the property subject to levy. Clearly, the property rights of minor or adult heirs cannot be taken on execution
to pay a judgment in which they have no concern. Mrs. Tiedemann, as surviving spouse,
and the children, as heirs, must be viewed as
tenants in common. They had an undivided interest in not
only the farm, but in the products thereof. In the control and
management of the farm, her relation may be considered as an
agency, coupled with an interest.

2. EXECUTION:
   levy: jointly
   owned property.

"When an officer has an execution against a person who
owns property jointly in common or in partnership with another,
such officer may levy on and take possession of the property
owned * * * sufficiently to enable him to appraise and inventory
the same, and for that purpose shall call to his assistance three
disinterested persons, which inventory and appraisement shall
be returned by the officer with the execution * * *." Section
11680, Code of 1924.

It is further provided that, from the time such property is
levied on, the plaintiff has a lien on the interest of the defendant,
and may commence an action in equity to ascertain the nature
and extent of such interest and to enforce the lien. Section
11681, Code of 1924. No enforcible lien can be created by levy
on execution against property owned jointly, unless the provisions of statute are respected.

The other angle of this case may be briefly reviewed. The
claimed lien of the plaintiff terminated with the return of the
execution and the issuance of a second execution. *McConnell*

3. EXECUTION: *v. Denham*, 72 Iowa 494; *West v. St. John*, 63
levy: return as Iowa 287. But one execution can be in exist-
"unsatisfied:"
effect. ence at the same time. Section 11650, Code of
1924. It is obvious that a lien created by a levy on execution
does not continue after the instrument on which the lien is
predicated has ceased to exist. Without the issuance of the
execution a levy would be nugatory, and it must follow that,
when an officer surrenders his authority for the creation of a
lien, the lien ends. Plaintiff predicates his action on conversion
of the corn. In the last analysis, his right to impress a lien
under the circumstances must be based upon a subsisting lien,
either actual or apparent, at the time the trust is sought to
be imposed.

We would confront a different situation, had Mrs. Tiede-
mann owned this corn, in whole or in part, and, after a valid
and continuing levy had been made by the sheriff, she had
wrongfully converted the corn, and had assigned the proceeds
to a person who simply held it for her, or if, for a consideration,
she had made an assignment to one who had knowledge that the
proceeds were the result of a wrongful conversion. Equity,
under the well recognized rule, would then impress a trust on
the proceeds. See *Frink v. Commercial Bank of Emmetsburg*,
195 Iowa 1011.

The plaintiff is not within the rule; and for the reasons
herein expressed, the judgment and decree of the trial court is
—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.