Joan L. PETERSON, Appellant,

v.

POLK COUNTY
TREASURER, Appellee,

Dorothy Strand, Intervenor–Appellee.

No. 89–329.

Supreme Court of Iowa.

March 21, 1990.

Arvid D. Oliver, Des Moines, for appellant.

Clare K. Boesen and Douglas A. Fulton of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for intervenor-appellee.

CARTER, Justice.

Plaintiff, Joan L. Peterson, appeals from an adverse judgment in an action seeking to force removal of a lien noted on the certificate of title for an automobile which she owned jointly with her husband, Lee Peterson. This purported lien arose from an execution which had been issued for purposes of satisfying a judgment against Lee Peterson. On consideration of the arguments presented on this appeal, we reverse the judgment of the district court.

In 1981, intervenor, Dorothy Strand, obtained a judgment against Lee Peterson in excess of $30,000. In 1986, Strand, in an effort to collect that judgment, caused a writ of execution to be issued to the Polk County Sheriff who was directed to levy on a 1984 Ford automobile titled in the name of Lee A. Peterson or Joan L. Peterson. The sheriff, in a document entitled a notice of garnishment, requested the Polk County Treasurer to note the lien of a levy of execution on the certificate of title to the 1984 Ford. That document was in the possession of another lien holder whose encumbrance was noted as a first lien on the title.

Upon receiving the sheriff's request, the treasurer obtained the title certificate from the first lien holder and noted on the title that Dorothy Strand was a second lien holder. These actions with respect to the certificate of title were undertaken without the knowledge of plaintiff or her husband. Plaintiff first became aware of the notation of a levy on the certificate of title when she attempted to refinance the vehicle with the first lien holder.

Upon learning of intervenor's purported lien, plaintiff commenced this action, alleging that she was the sole owner of the vehicle and that Lee Peterson had no ownership interest therein. She also claimed, in the alternative, that, if her husband did have some interest in the car, the levy was legally infirm and therefore created no lien which might properly be shown on the certificate of title. She requested an order compelling the county treasurer to remove intervenor's lien from the title. The district court refused to accord plaintiff any relief.

In the issues raised by plaintiff on this appeal, she has abandoned her claim that

she was the sole owner of the vehicle. Although she does not challenge the validity of 761 Iowa Administrative Code 400.11, which provides that "a sheriff's levy may be noted as a security interest on a certificate of title if the sheriff so desires," she asserts that, as a condition for notation of a lien under that administrative regulation, there must first be a valid levy of execution against the motor vehicle. She contends that, in the present case, the sheriff failed to follow certain statutory procedures required for a valid levy.

■ The lien of a levy of execution on a motor vehicle exists without regard to notation on the certificate of title. This result flows from the provision in Iowa Code section 321.47 (1987) which recognizes the validity of transfers by operation of law through execution sales. There can be no execution sale without a levy.

■ Perhaps in an effort to protect purchasers and lenders who have become conditioned to relying exclusively on certificates of title for purposes of discovering encumbrances against a motor vehicle, the department of transportation promulgated 761 Iowa Administrative Code 400.11. That rule permits but does not require a sheriff who has levied on a motor vehicle to request that the lien thus established be noted on the vehicle's certificate of title. To the extent that this administrative regulation authorizes notation of a levy of execution on the certificate, it presupposes that there has been a valid levy.

Plaintiff is correct in asserting that in the present case no valid levy was completed on the 1984 Ford automobile. The record reflects that the levying officer made no effort to comply with the procedures for a valid levy under Iowa Rule of Civil Procedure 260 subsection (a) or (b). The sheriff merely sent a notice of the outstanding execution (incorrectly entitled a notice of garnishment) to the county treasurer with the request that the latter officer cause a lien to be noted on the certificate of title.

Rule 260 expressly provides that "no lien is created until compliance with one of [the procedural methods of completing a levy on personal property]." Until the steps required under rule 260 subsection (a) or (b) have been taken, there is no lien for any purpose. The record also reflects that the sheriff failed to comply with the requirements of Iowa Code section 626.32 (1987) for levying on jointly owned property. This court has recognized that no enforceable lien can be created against jointly owned personal property unless the provisions of that statute are followed. *Whitaker v. Tiedemann*, 200 Iowa 901, 904, 205 N.W. 468, 469 (1925).

Because there was no valid levy on the automobile owned by plaintiff and her husband, the notation of a levy on the certificate of title should be voided as requested in plaintiff's action. The judgment of the district court is reversed. The case is remanded to that court for an order directing that the county treasurer cause the notation of lien which plaintiff has challenged to be removed from the certificate of title.

REVERSED AND REMANDED.

All Justices concur except SCHULTZ and HARRIS, JJ., who concur specially.

SCHULTZ, Justice (concurring specially).

While I concur in the result reached, I believe the majority opinion neatly sidesteps and fails to answer a more important issue that will still be present on remand and needs to be addressed. The majority indicates that plaintiff does not challenge the validity of 761 Iowa Administrative Code 400.11. In its decree the trial court clearly adopted intervenor's contention that this rule could be utilized to note a judgment lien on a car title. On appeal plaintiff urges that there is no authority for noting a judgment lien as a security interest in a motor vehicle. I believe that the majority's failure to discuss this issue by inference approves this practice and suggests that sheriffs can continue to incorrectly note judgment liens on certificates of title as long as they comply with the procedures for a valid levy under Iowa Rule of Civil Procedure 260(a) or (b). I would hold that this rule cannot be utilized on a judgment lien unless it involves a security transaction.

Section 321.50 provides authority for the notation of a security interest and specifically refers to the Uniform Commercial Code, Iowa Code chapter 554, article 9. § 321.50(5). Article 9 applies to transactions intended to create a security interest, sales of account or chattel papers, and security interests created by contract. Iowa Code § 554.9102 (1987). Transactions specifically excluded from this article include "a right represented by a judgment (other than a judgment taken on a right to payment which was collateral)." Iowa Code § 554.9104(h) (1987). Thus, when the sheriff garnishes the treasurer, section 321.50 does not provide the treasurer with authority to note a security interest on a title co-owned by a judgment debtor.

The trial court also relied upon the application of administrative rule 400.11 in its ruling. It is true that this rule permits a sheriff's levy to be noted as a security interest on a certificate of title. The concluding sentence in this rule states: "This rule is intended to implement Iowa Code section 321.50." While an administrative rule is presumed valid, a rule must be consistent with legislative enactments. *Fernandez v. Iowa Dep't of Human Servs.* 375 N.W.2d 701, 707 (Iowa 1985). Consequently, to be consistent with section 321.-50, rule 400.11 must only apply when the sheriff's levy involves a judgment growing out of the enforcement of a security interest. This interpretation follows the rulemaker's express language. Any other interpretation would invade the legislative fiat to first address these issues. The rule has no application to a judgment lien obtained in a tort action.

I therefore only concur in the result arrived at by the majority.