**Kenneth J. PRINTEN, Appellee,**

v.

**Cindy JAMES, Appellant.**

**No. 90–1615.**

Supreme Court of Iowa.

Sept. 18, 1991.

Carlyle D. Dalen of Legal Services Corp. of Iowa, Mason City, for appellant.

Ben Chatman of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellee.

CARTER, Justice.

The owner of a motor vehicle exempt from execution has appealed (via our grant of discretionary review) from an order allowing notation of a lien on the vehicle's certificate of title. After considering the arguments of the parties, we reverse the district court's order.

The plaintiff, Kenneth J. Printen, is a medical doctor who furnished professional services to defendant, Cindy James. When Ms. James did not pay for these services, plaintiff commenced a small claims action against her and recovered judgment in the amount of $1500. Plaintiff then caused general execution to issue to the sheriff of Cerro Gordo County.

Acting pursuant to directions from plaintiff's attorney, the sheriff levied on a 1987 Mercury automobile owned by defendant. That levy was made pursuant to the procedure specified in Iowa Rule of Civil Procedure 260(b) and did not involve taking possession of the vehicle. The levying officer then attempted to have the rule 260(b) levy noted on the certificate of title.

Defendant ultimately objected to the levy and to plaintiff's attempt to have a lien noted on the certificate of title. The basis for these objections was the claim, which plaintiff does not dispute, that the motor vehicle was exempt from execution under the provisions of Iowa Code section 627.6(9) (1989). Although made some months after the levy occurred, defendant's claim of exemption was not untimely. The owner of personal property subjected to a levy does not waive applicable exemptions unless that person fails to designate the exempt property "when required in writing by the officer about to levy." Iowa Code § 627.3 (1989).

In order to avoid a belated claim of exemption, a levying officer must serve the judgment debtor with notice of levy as required by Iowa Code section 626.50 (1989) and, in addition, demand in writing that the debtor designate any exempt property. The latter requirement may be met by utilizing the standardized form supplied

by the clerks of court and approved by this court as part of Administrative Directive Regarding Levy Procedures issued February 17, 1989, or giving written notice of similar content.[1] In the present case, the sheriff failed to serve the debtor with notice of the levy or a written request to claim exemptions.

Defendant's exemption claim was originally heard by a district associate judge who sustained the objection to the levy. This judge concluded that the levy and any notation of a lien on the certificate of title would defeat the purpose of the exemption laws.

At plaintiff's request, the district associate judge's ruling was reviewed by a district judge pursuant to Iowa Code section 631.13(4)(a) (1989). That judge ruled that notation of a lien on the certificate of title was proper. The court concluded that, because a rule 260(b) levy does not involve taking possession of the chattel, the owner's right of enjoyment is not diminished. The court reasoned that notation of a lien on defendant's certificate of title would only affect her ability to realize the proceeds from a future sale of the automobile and that those proceeds would not be exempt from creditors' claims.

■ In reviewing the basis for the district court's ruling, we begin with the proposition that notation of a lien on a certificate of title presupposes that a valid lien is in existence. We recognized in *Peterson v. Polk County Treasurer*, 452 N.W.2d 453 (Iowa 1990), that the right of judicial sale recognized in Iowa Code section 321.47 (1989) allows judgment creditors to establish liens on motor vehicles through levy of execution. No notation on the certificate of title is necessary for perfection of such liens. *Id.* at 454. The lien of the levy is junior to valid liens noted on the certificate before the time of the levy and senior to

any liens noted on the certificate after that time. *Id.*

■ In order for a lien to be thus established, the levy must be legally sustainable. *Id.* By its very nature, exempt property may not be subjected to any of the imperatives which attend the issuance of a writ of general execution.[2] As such, it is not subject to levy under either rule 260(a) or rule 260(b).

■ Authorization for the notation of levies of execution on motor vehicle titles is found in 761 Iowa Administrative Code 400.11. Although defendant challenges the authority of the Iowa Department of Transportation to issue that rule, we need not decide that matter. Notation of the lien on the certificate does not affect defendant's rights. If the levy on the automobile was valid under rule 260(b), the absence of its notation on the certificate does not serve to diminish its legal efficacy or priority as against other liens. Conversely, if the levy is invalid, it cannot be noted on the certificate of title in any event.

We have considered all claims presented and conclude that judgment of the district court must be reversed. The case is remanded to that court for an order releasing the levy of execution on defendant's motor vehicle. If, subsequent to the district court's ruling, notation of the levy has been made on the certificate of title for that vehicle, the district court shall order plaintiff to release same.

REVERSED AND REMANDED.

---

1. The standardized form advises the judgment debtor that certain types of personal property are exempt from judicial sale and that if the judgment debtor believes that any of the property being levied on is exempt the debtor may request a hearing in order to establish the claimed right of exemption. The reverse side of the form contains the address of the clerk of the district court and if completed and returned to that office will trigger the judgment debtor's hearing on the claimed exemptions.

2. The statutory preamble to all of the exemptions listed in § 627.6 provides that the debtor "may hold *exempt from execution* the following property...." (Emphasis added.)