Colman *v.* Clements.

## COLMAN *et al. v.* CLEMENTS *et al.*

In an action of ejectment to recover possession of a mining claim, where the complaint alleges in general terms that the plaintiffs are the owners of the mining ground in controversy, they are entitled to show in evidence the rules and customs of the mining district in support of this alleged ownership without averring such rules and customs in the complaint.

The possession of one tenant in common is *presumed* to be the possession of all, and in order to rebut this presumption and make the possession adverse, it must be shown that the possession was with the intent to hold adversely, and such intent must be indicated by acts calculated to exclude the co-tenant.

If written laws exist in a mining district, and the proof renders it doubtful whether they are in force, both the mining laws and parol proof of the mining customs may be offered in evidence.

Where a forfeiture is claimed under a mining regulation or custom, this regulation or custom will be most strictly construed against the claim of forfeiture.

A judgment recovered in ejectment against a portion of several co-tenants will not be reversed because all the co-tenants are not made parties defendant.

Appeal from the District Court, Sixteenth Judicial District, Calaveras County.

The facts are stated in the opinion of the Court.

*Tod Robinson,* for Appellants.

By the rules of pleading, no one can claim a benefit or a forfeiture under a private act of the Legislature, without setting forth the act in his declaration or answer.   Our own Practice Act, Sec. 61 (Wood's Dig. 795), requires this to be done, but excuses the setting forth the act in full, and makes it sufficient to refer to its title and the date of its passage.   (1 Chitty on Pl. 217.)

The possession of one tenant in common is the possession of a co-tenant only so long as the one holding recognizes the co-tenant. (Adams on Eject. 136 ; *Humbert* v. *Trinity Church*, 24 Wend. 587.)

*Coffroth & Spaulding*, for Respondents.

In ejectment, the only facts necessary to be alleged are : 1st. Plaintiff's seizin.    2d. Defendant in possession at commencement of suit.    3d. That defendant withholds possession thereof from plaintiff.    We hold that the local customs are as susceptible of proof as any other style of evidence, without being set up in the complaint.

All persons holding as tenants in common, joint tenants, or coparceners, or any number less than all, may jointly or severally bring or defend any civil action for the enforcement or protection of the rights of such party.    (Wood's Dig. 248, Art. 1375 ; *Waring* v. *Crow*, 11 Cal. 366 ; *Pico* v. *Columbet*, 12 Id. 419.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by four plaintiffs against eight defendants to recover the possession of the undivided five-thirtieths of a mining claim in Calaveras County.    It appears that about the fifth of February, 1861, one Samuel Colman, with two others, took up and marked out 4,500 feet of a copper claim in the name of themselves and others, amounting to thirty persons in all.    These names included the present plaintiffs and defendants.    Some of these names were included without the previous knowledge or consent of the parties.    Colman afterward sold out his interest to one of the plaintiffs, William Colman.    Afterward, sometime about the first of June, 1861, twenty-three of the persons named in the original location, with seven others, formed a new company and relocated the same ground in their own names, and have continued in possession ever since, claiming that the original location had been abandoned by failure on the part of those left out of the new organization to perform the work required by the mining rules and customs.    Only eight out of the thirty new locators are made defendants, and these

eight were among the number named in the original location. The case was tried by a jury, who found for the plaintiffs, and a judgment was rendered accordingly, from which the defendants appeal.

On the trial, the plaintiffs offered to prove the mining laws and customs, to which the defendants objected that they had not been mentioned or set forth in the pleadings, and could not, therefore, be proved. The complaint alleges, in general terms, that the plaintiffs are the owners of the undivided five-thirtieths of the mining ground in controversy, which is denied in general terms by the answer. So far as the title of the plaintiffs depended upon mining rules and customs, or acts done in pursuance thereof, such proof tended to support such title, and it was not necessary to set forth such mining rules and customs in the pleadings. The Court below did not therefore err in overruling this objection of the defendants.

On the trial, the Court instructed the jury that the possession of one locator was the possession of all, and the defendants then asked that the following instructions be given : " That the possession of one tenant is the possession of his co-tenants only so long as the tenant in possession recognizes the co-tenants," which the Court refused to give, and this is assigned as error. The possession of one tenant in common is presumed to be the possession of all. But such possession may in fact be adverse to that of the co-tenant. The instruction asked for is founded upon the idea that the mere fact that the tenant in possession does not " recognize the co-tenant " constitutes an adverse possession; and the case of *Humbert* v. *Trinity Church* (24 Wend. 577), is cited in support of the position. An examination of the able opinion of Justice Cowen, in that case, shows that more is required than is stated in the instructions asked for. He holds that the possession of the tenant must be with the intent to hold adversely, and it must appear that such intent has been " indicated by acts calculated to exclude the complainants from all participation as tenants in common." In the case of *Northrop* v. *Wright* (24 Wend. 221), it was held that a possession by a tenant in common for twenty-seven years, during which he had not recognized the right of his co-tenant, was not sufficient to presume an ouster. There was, therefore, no error in refusing to give the instruction in the peculiar form in which it was worded.

Colman *v.* Clements.

Parol evidence had been given of the mining laws and customs. The written laws were afterwards introduced, and the defendants then moved to strike out the parol proof, which was refused by the Court, and this is assigned as error. When the parol evidence was offered, no objection was made that these mining laws were in writing or that the latter was the better evidence, and it is doubtful, therefore, whether the case does not come within the rule laid down in *Kiler* v. *Kimball* (10 Cal. 267). But it seems there was some question as to whether these written laws were in force at the time when they were sought to be applied to the facts in the case. There was, therefore, no impropriety in leaving both the parol and written evidence to the jury.

One of these mining laws was as follows: " There shall be one day's work done on each claim every thirty days from the first of May until the first of December in each year." The defendants asked the Court to instruct the jury as follows: " That under the mining laws, in evidence, it was necessary for one day's work to be done every thirty days after May until December, for each individual claim, and not one day's work for a company's claim, in order to avoid the presumption of abandonment; which was refused by the Court, and this is assigned as error. The claim in this case is a joint one; that is, four thousand five hundred feet located in the joint names of thirty persons. No location was made of any particular portion of the four thousand five hundred feet to any one locator, and it would therefore be impossible for each locator to do his day's work upon his own claim, if this section of the mining laws is to be construed as applying solely to each individual locator. The word " claim " is used, which is general in its character, and properly includes all kinds of claims; joint, as well as separate. If it had been intended to include, or apply only to the claim of each locator, whether made jointly with others, or separately to himself alone, it should have been expressed in clear terms. As the parties claim a forfeiture under it, it is to be strictly construed against the claim of forfeiture. In other words, the parties who claim a forfeiture under it, must show that the case comes within the strict letter of the rule. ( *Von Schmidt* v. *Huntington*, 1 Cal. 70; *Waring* v. *Crow*, 11 Id. 271.) This point is therefore overruled.

It is objected that all the co-tenants should have been made parties, that the adjudication is incomplete, and that the judgment cannot be enforced without them.   We can readily see that difficulties may arise about the enforcement of the judgment, and that it would have been more advantageous to have made all the co-tenants parties; but it can hardly be deemed essential in cases of this kind, or that a judgment of this kind is erroneous because they are not all brought in.  (*Waring* v. *Crow*, 11 Cal. 271.)  If the action had been against them as a mining partnership, in the nature of a suit in equity, it would have been necessary to have made all persons interested in the claim or the subject matter parties, and no judgment could have been properly rendered until they had all been made parties.   (1 Daniel's Ch. Pr. 315–318; Story's Eq. Pl. Secs. 166–168.)

We have thus disposed of all the material points raised by the defendants, and find no error prejudicial to the appellants in the action of the Court below.

The judgment is therefore affirmed.

See *Dutch Flat Water Co.* v. *Mooney* (12 Cal. 534).—REPORTER.