[Sac. No. 345. Department Two.—November 29, 1898.]

T. E. McFALL, Respondent, v. BUCKEYE GRANGERS' WAREHOUSE ASSOCIATION, Respondent. C. MICHAELSON et al., Appellants.

JUSTICE'S COURT—PLEADING—COPY OF NOTE—CORPORATE CAPACITY OF BANK—WAIVER OF OBJECTION.—In an action by a bank in the justice's court, a copy of the note of the defendant to the bank, which is sued upon, is a sufficient complaint; and if the bank is in fact a corporation, in the absence of objection to its want of capacity to sue, by demurrer or answer, all objection thereto is waived.

ID.—JUDGMENT—COLLATERAL ATTACK—SALE UNDER EXECUTION.—A judgment rendered in favor of a bank in the justice's court, is not void because the record does not affirmatively show its corporate capacity, and it cannot be collaterally attacked on that ground, in order to avoid a sale under execution thereupon.

PLEDGE OF SHARES OF STOCK — STATUTE OF FRAUDS — DELIVERY AND CHANGE OF POSSESSION — ATTACHMENT. — As between the parties a pledge of shares of corporate stock may be effected by indorsement and transfer of the stock certificates, but the transfer, to avail against the creditors of the pledgor, must be accompanied by delivery and continued change of possession; and if the possession of the certificate by the pledgee is only momentary, and they are at once returned to the pledgor, no valid pledge is constituted as against the creditors of the pledgor, and they may be attached and sold under execution against him.

ID.—EXECUTION SALE—LEVY—TITLE OF PURCHASER.—If shares of stock have been seized and held under attachment, to satisfy the judgment, it seems that no levy of the execution, beyond giving notice of sale, is a necessary step; but, at all events, the title of the purchaser of the stock is not affected by the failure of the officer to show that he levied before selling.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. H. Grant, Judge.

The facts are stated in the opinion.

R. Clark, and C. Michaelson, for Appellants.

Phil Bruton, for Respondents T. E. McFall and Bank of Winters.

C. W. Thomas, for Respondent Buckeye Grangers' Warehouse Association.

BRITT, C.—McFall, the plaintiff in this action, was the purchaser at a sale under execution of fourteen shares of stock in the Buckeye Grangers' Warehouse Association, a corporation, one of the defendants here; the ultimate question on appeal is whether property in the stock passed by virtue of such sale; the court below held that it did.   One Schautz owned the stock originally, and held certificates therefor issued by said Warehouse Association; Schautz was sued in a justice's court by the Bank of Winters, a corporation, on a promissory note wherein he promised to pay a specified sum of money to "the Bank of Winters, at its office in Winters"—the payee not being further described; the complaint in that action was a copy of such note; the justice issued a writ of attachment, under which the constable of the township attached the said shares of stock as the property of Schautz in the manner prescribed by section 542, subdivision 4, of the Code of Civil Procedure.   Afterward, Schautz having made no defense, judgment was rendered in said justice's court against him and in favor of said bank, and an execution issued for the enforcement thereof; thereunder the constable made the sale which gave rise to the present dispute.   At the trial there was evidence that some time before the levy of the said writ of attachment Schautz indorsed the stock certificates—two in number—and delivered them to Michaelson, one of the appellants in this case, "as security for two hundred and fifty dollars." Michaelson held them in his hand for an instant and returned them to Schautz, and Schautz kept them among his own papers "for Michaelson" until after said attachment, when he delivered them again to Michaelson; forthwith after said indorsement to Michaelson, Schautz gave notice of the fact to the president and secretary of said Warehouse Association, but said he did not want a transfer of the shares to appear on the books,

and he continued thereafter to draw dividends on the stock; the secretary, however, without authority from any source, made an entry on the margin of the stubs of the certificates as follows: "C. Michaelson holds as security for money loan." In his return of the execution the constable did not in terms set forth a levy of the writ, but stated that after due and legal notice he sold the stock by virtue thereof, and that the property thus sold had been previously held under said attachment.

Appellants urge that all proceedings in the justice's court were void for the reason that the complaint in the action of *Bank of Winters v. Schautz*—consisting merely of a copy of the note sued on—did not show the plaintiff to be a corporation. It was, however, in fact a corporation; and in a justice's court a copy of a note "upon which the action is based" is a good complaint by express provision of the statute. (Code Civ. Proc., sec. 853.) The defendant in that case, if he deemed that the plaintiff had not legal capacity to sue, or that the complaint was uncertain in that particular, might have presented the objection by demurrer or answer; failing to do so, he waived the right to object, and certainly other persons cannot assert the right in a collateral attack on the judgment. (See *Montgomery v. Superior Court*, 68 Cal. 407.)

As between the parties to a pledge of shares of corporate stock, the pledge may be effected by indorsement and transfer of the stock certificates (*Spreckels v. Nevada Bank*, 113 Cal. 272, 54 Am. St. Rep. 348, and cases cited); but when that mode of creating such a pledge is adopted it must be subject to the same rules which govern the pledging of other instruments; the transfer, to avail against creditors, must be accompanied by delivery and continued change of possession, and it is too plain for discussion that the transaction between Schautz and Michaelson, by which the latter received momentary possession of the certificates in question and at once returned them to Schautz, constituted no valid pledge as against creditors of Schautz. (Civ. Code, secs. 2988, 3440; Colebrook on Collateral Securities, secs. 9, 13.) The note made by the secretary of the warehouse association on the margin of the stubs did not amount to a transfer of the stock on the books of the corporation, for the reason—among others which might be assigned—that no transfer was

authorized by either Schautz or Michaelson, and was indeed contrary to the express desire of the former.

A further point is that it does not appear that the constable levied the writ of execution on the stock. The property having been held under attachment to satisfy the judgment, we doubt whether any levy of the execution, beyond giving notice of sale, was a necessary step in the proceedings. (Code Civ. Proc., sec. 550; *Lehnhardt v. Jennings*, 119 Cal. 192.) But however that may be, the title of the purchaser of the stock is not affected by the failure of the officer to show in his return that he levied before selling. (*Hibberd v. Smith*, 67 Cal. 564, 56 Am. Rep. 726, and cases cited.) The judgment and order denying a new trial should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.