[Civ. No. 542.   First Appellate District.—February 4, 1909.]

## CALIFORNIA CASKET COMPANY, a Corporation, Appellant, v. EUGENE McGINN and MRS. ANNIE BYRNE, Respondents.

JUDGMENT BY DEFAULT—IRREGULAR ENTRY—JURISDICTION—REMEDY BY MOTION WITHIN REASONABLE TIME.—When the court, at the time of the entry of judgment by default, had an affidavit of service of summons, showing default, and had jurisdiction of the subject matter of the suit and of the persons of the defendants, the fact that there was an error of one day in the date of service of summons, and that the judgment was irregularly entered before actual default of the defendants, did not deprive the court of jurisdiction nor render the judgment void, and it could only be vacated upon a proper motion made within a reasonable time.

ID.—LACHES—LOSS OF REMEDY.—When, upon notice that defendants claimed that the default judgment was prematurely entered, plaintiff's attorney proposed that if defendants would state that the money claimed in the complaint was not wholly due, plaintiff would stipulate to set aside the judgment by default, which defendants did not accept, and they made no attempt to move for relief from the judgment by default under section 473 of the Code of Civil Procedure, but after the lapse of six months from the date of its entry, and after the plaintiff had incurred expense in attempting to enforce payment of the judgment, they moved to vacate the same solely on the ground that it was prematurely entered, without the presentation of any answer or showing of merits, all remedy of defendants for relief from the judgment was lost by their laches.

ID.—PROMPT MOTION—AFFIDAVIT OF MERITS.—If the defendants had moved promptly or within a reasonable time, and had filed the proper affidavit of merits, the court would have been authorized to grant relief from the judgment by default, upon its finding that the same was prematurely entered by reason of a wrong showing of the date of service of summons. [Upon the question of the necessity of an affidavit of merits, upon a prompt motion, in such case, the supreme

court, upon denying a rehearing, on the ground of laches, expressed no opinion.]

ID.—RULE AS TO SETTING ASIDE VALID JUDGMENTS—SHOWING OF HONESTY AND GOOD FAITH.—It is a rule of universal application that a court will not set aside a judgment valid on its face, of which the court had jurisdiction, except the party applying makes at least an apparent showing of honesty and good faith, by showing that he has a defense to the action on its merits, and that a valid judgment by default will not be opened, unless it is made to appear *prima facie* that the judgment as it stands is unjust.

ID.—ERRONEOUS ORDER SETTING ASIDE DEFAULT JUDGMENT.—*Held,* that the order setting aside the judgment by default in this case, upon the facts appearing in the record, was erroneous, and must be reversed.

APPEAL from an order of the Superior Court of the City and County of San Francisco, setting aside a judgment by default.    Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, and Rigby & Rigby, for Appellant.

Campbell, Metson, Drew, Oatman & McKenzie, for Respondents.

COOPER, P. J.—This appeal is from an order setting aside a default judgment.    It appears from the record that on the eleventh day of October, 1906, plaintiff filed its complaint in the superior court, alleging that defendants were indebted to it in the sum of $1,869.54 upon an account for goods, wares and merchandise sold and delivered to defendants within the two years last past, no part of which had been paid.    On the same day a summons was issued in due form under the seal of the court, which was returned and filed on November 12, 1906, with an affidavit of service in due form by Charles S. Johnston, showing personal service upon each of the defendants on October 31, 1906.    Upon said return being filed, on the application of plaintiff, a judgment was duly entered by default on said last-named day for the amount prayed for, together with costs.    On the thirteenth day of November, 1906, the attorneys for the defendants sent to the attorneys for plaintiff a prepared stipulation, to the effect that the default judgment might be set aside, but

they did not tender or offer to file any pleading or answer, and the attorneys for plaintiff declined to sign the requested stipulation. On the same day plaintiff's attorneys returned the stipulation, and wrote to the defendants' attorneys, stating the date of the entry of the judgment, the amount thereof, and in the letter stated, "If your clients say that amount is incorrect we will advise plaintiff to consent to vacate, and let you in to defend." This letter was not answered by defendants' attorneys until December 4, 1906, in which letter defendants' attorneys stated that they had gone over the matter carefully with Mr. McGinn (one of the defendants), and that McGinn "is positive in his recollection that the summons and complaint were served on him on November 1st and not on October 31st, as appears on the return of service." This letter concluded with some propositions as to a compromise settlement. On December 5, 1906, the plaintiff's attorneys, in a letter answering the letter from defendants' attorneys, stated: "We are in receipt of yours of yesterday. The person who made the service stated that the service was made Wednesday, October 31st, and he made an affidavit accordingly. We shall call your attention to our letter of November 13th, wherein we stated that if your clients say that the amount sued for, $1,869.54, is incorrect we will advise plaintiff to consent to vacate and let you in to defend. To that letter we have no answer." This letter concluded by declining to accept the offer to compromise of defendants as unreasonable. On December 10, 1906, defendants' attorneys again wrote to plaintiff's attorneys, but without saying anything as to the merits of the case, stated: "We would like to have default opened in this case and defend on the merits. You don't seem to be satisfied with our offer of compromise." To this letter plaintiff's attorneys replied December 11th, stating: "We fail to see what merits your clients have in this matter, and must therefore decline to open the default." This letter does not appear to have been answered, and the correspondence ceased.

Plaintiff's attorneys took out execution February 4, 1907, and an alias execution on February 14, 1907, but evidently without result, for on the twenty-ninth day of April, 1907, they filed an affidavit and procured an order for the examination of one of the defendants as to his property. On May 13, 1907, defendants' attorneys served and filed a motion to

set aside the default judgment: "Because, at the time of entering the said pretended default and the said alleged judgment, the time allowed said defendant by law in which to answer the complaint herein had not expired." This motion was accompanied by the affidavit of Eugene McGinn, in which he stated: "That the summons in the above-entitled action was served on him on the first day of November, 1906, and was not served on him on the thirty-first day of October, 1906, as set forth in the affidavit of service of Charles S. Johnston on file herein, or at any other time than on said first day of November, 1906." The motion was not accompanied by any affidavit of merits, or any verified answer, or any answer of any kind, nor was it accompanied by any statement that defendant had any defense of any kind to the action. On May 23, 1908, the court made an order finding that the summons was served on the first day of November, 1906, and not on the thirty-first day of October, and "setting aside the judgment heretofore entered on the twelfth day of November, 1906, and permitting the said defendant Eugene McGinn to file his answer to plaintiff's complaint."

The motion was not made under section 473 of the Code of Civil Procedure, which provides that the court may, in its discretion, upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. There was no claim of mistake, surprise or excusable neglect by defendants. In fact, their attorneys state in their brief: "This is not an application to set aside a default under section 473 of the Code of Civil Procedure." They place their entire reliance upon the claim that the court was without jurisdiction to enter the judgment, for the reason that at the time of its entry the time for answering had not expired. They claim that the summons was served November 1, 1906, and that the eleventh day of November, 1906, was Sunday; hence that they had the whole of Monday, November 12th, in which to answer. The error of the defendants, and in which the court below was led, was in treating the judgment as having been entered without jurisdiction. It is no doubt true, as a general proposition, that a court will vacate or set aside a judgment void on its face, or one rendered without jurisdiction over the person or subject matter upon motion, and this

without an affidavit of merits.    The judgment being void is regarded by the courts as waste paper, and something which they will set aside on motion at any time.    But in this case the court had jurisdiction both of the subject matter and of the defendants.    It is not questioned that the court had jurisdiction of the subject matter.    It is admitted that prior to the entry of judgment defendants were personally served with summons.    The service of this summons gave the court jurisdiction of the defendants.    (Code Civ. Proc., sec. 416.) The court then having jurisdiction of the defendants, the entry of the judgment, being premature, was irregular but not without jurisdiction.    It is said in Freeman on Judgments: "When the entry is premature, the defendant not yet being in default, there are authorities which speak of the judgment as being void, but they are doubtless inaccurate in expression, and probably not intended to assert anything except that the court, proceeding prematurely, will, if applied to within a reasonable time, set aside the judgment, and give defendant the hearing to which he was entitled."

The entry of the judgment in this case was at most an irregularity; and, no doubt, if defendants had moved promptly or within a reasonable time, and filed the proper affidavit of merits, the court would have been authorized to give them relief, provided it found that the service was made on November 1, 1906, and not on October 31st.    Instead of pursuing this course the defendants waited an unreasonable time, during which time the plaintiff had incurred expense, and then did not even suggest that they had any meritorious defense or defense of any kind, but asked the court to set aside a judgment regular on its face for a mere irregularity.

It is a rule of universal application that a court will not set aside a judgment valid on its face, in a case where it had jurisdiction, except the party desiring to be relieved makes at least an apparent showing of honestly and good faith, by showing that he has a defense to the action on its merits. And this rule goes even further, and a preponderance of the decisions are to the effect that a court of equity, notwithstanding the alleged want of service, will not interfere to set aside a judgment unless it appears that the result will be other or different from that already reached.    (Freeman on Judgments, sec. 498, and cases cited.)    In *Parrott* v. *Den,* 34 Cal. 79, the court said in speaking of this matter: "Every

consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear *prima facie* that the judgment as it stands is unjust.''

In *Gregory* v. *Ford*, 14 Cal. 143, the court said: ''Courts of chancery do not lightly interfere with judgments at law. It is only for the prevention of fraud, or to relieve from substantial injury or gross injustice, that its high and extraordinary power of interference by injunction is ever resorted to. It is never exerted merely for the correction of informalities or irregularities in legal or judicial proceedings. He who seeks to avail himself of such defects must prosecute his remedies at law. From a court of equity he can receive no countenance. A court of chancery, too, looks well to the consequences of its acts. The case must indeed be a strong one which would induce it to nullify a judgment at law, and thus, as here, put it in the power of a debtor to plead the statute of limitations to a debt which he does not deny to be justly due.''

While the quotation had reference particularly to courts of equity, the same rule has been applied in other cases; and particularly will the same rule be applied in this state where courts of law and equity administer the same relief. The language in *Gregory* v. *Ford* was quoted with approval in the latter case of *Eldred* v. *White*, 102 Cal. 600, where it was held that a judgment and decree of foreclosure obtained against plaintiff upon a forged and unauthorized appearance would not be set aside in order to allow the plaintiff to plead the statute of limitations. The court there said: ''It is not averred or found that appellant did not make and execute the notes and mortgage, or that the judgment was taken for too much, or that it was unjust, and the court found that appellant had not thereby sustained any damage. It is not claimed that appellant was not generally within the territorial jurisdiction of the court rendering the former judgment, or that said judgment is not regular or valid on its face.''

We have carefully examined the cases cited by respondent, but in our opinion, while they use language which to some extent gives countenance to his contention, they do not sustain him.

In *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388, the judgment was entered upon a false return of summons, no service of summons having ever been made. The proceeding was to quash the return of summons. It is there evident that the court had no jurisdiction of the defendant.

In *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134, the judgment was obtained upon a fraudulent stipulation, signed by the nominal parties and not the real parties in interest, and hence the court was without jurisdiction as to the real party in interest, and not only this, but the motion was accompanied by an affidavit of merits.

We conclude that the order is erroneous, and must be reversed, and it is so ordered.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1909, and the following opinion was then rendered thereon:

THE COURT.—The petition for rehearing in this court after judgment by the district court of appeal is denied.

The opinion of the district court of appeal reversing the order of the superior court is based upon two grounds: First, that the defendants had been guilty of *laches* in making their motion to vacate the default and that the motion should have been denied on this ground; second, that their application should have been accompanied by an affidavit of merits.

We are satisfied that the first of these positions is well taken.

We do not express any opinion upon the other question discussed by the district court of appeal, i. e., whether an affidavit of merits is required to accompany a motion to vacate a default where the ground of the motion is that the default was entered before the expiration of the time allowed by the law to the defendant in which to appear and plead.