[Civ. No. 5545. First Appellate District, Division Two.—December 22, 1926.]

## JAMES C. SHEEHAN, Appellant, v. ALL PERSONS, etc., Defendants; FIDELITY BOND AND MORTGAGE COMPANY (a Corporation), Respondent.

[1] JUDGMENTS—PLEADING—INSUFFICIENCY OF COMPLAINT—JURISDICTION.—A judgment is not void if the court has jurisdiction of the parties and the subject matter, irrespective of whether or not the complaint states a cause of action, so long as it apprises the defendant of the nature of plaintiff's demand.

[2] PROCESS—SERVICE OF SUMMONS—ATTORNEY AT LAW.—Under section 410 of the Code of Civil Procedure an attorney at law, who is not a party to the action, is competent to serve the summons.

[3] JUDGMENTS—DEFAULT—RECITALS—COLLATERAL ATTACK.—A judgment reciting that defendant was duly served with summons and complaint and failed to appear or plead, and that default was duly and regularly entered, is conclusive on collateral attack.

[4] ID. — IRREGULAR FINDINGS — JUDGMENT-ROLL. — The filing of findings of fact and conclusions of law in a default case constitutes a mere irregularity and cannot in any way affect the validity of the judgment, and in such a case findings, if made, are entirely unnecessary and form no part of the judgment-roll.

[5] EXECUTIONS—EXECUTION SALES—ERRONEOUS RETURN BY SHERIFF —VALIDITY OF SALE.—A sale made by a sheriff pursuant to an execution issued as of a certain date is not rendered invalid, although the sheriff's return of sale erroneously showed that the sale was made on an execution issued on a subsequent date, where the only levy made was in pursuance of the first execution, and the notice of sale and all the proceedings based on the execution sale showed beyond question that the execution referred to was the first execution issued.

[6] ID. — SHERIFF'S DEED — MISRECITALS AS AFFECTING VALIDITY.—A misrecital of the execution in the sheriff's deed will not affect the validity of the deed if the sheriff had the authority.

[7] ID. — PURCHASER AT EXECUTION SALE — AUTHORITY OF OFFICER— EVIDENCE.—The purchaser at an execution sale is only required to show a sale and the authority of the officer to make it; the

1. See 15 Cal. Jur. 86.
2. See 21 Cal. Jur. 534.
3. See 15 Cal. Jur. 71.
6. See 11 Cal. Jur. 114.
7. See 11 Cal. Jur. 141; 10 R. C. L. 1361.

judgment and execution prove the authority and the deed proves the sale.

[8] ID. — REGULARITY OF EXECUTION—JUDGMENTS.—All the purchaser at an execution sale is bound to do is to see that there is a judgment which is not void and an execution which is regular upon its face.

[9] ID.—ACTS OF OFFICER PRECEDING SALE—PERFORMANCE—PRESUMPTIONS.—As to all of the acts of the officer under execution which precede the sale, the purchaser at an execution sale may rely upon the legal presumption that they have been fully performed.

[10] ID. — SHERIFF'S RETURN — TITLE.—The validity of title to property conveyed by sheriff's deed at execution sale is not dependent upon the sheriff's return, the title not being created by the return but is derived from the previous sale made by the sheriff by authority of the writ of execution.

[11] ID. — AUTHORITY OF SHERIFF — TITLE—EVIDENCE.—The sale and the sheriff's deed are sufficient evidence of title if a purchaser can show that the sheriff had authority to sell.

[12] ID. — DEFECT IN SHERIFF'S DEED — RIGHT TO MAKE ANOTHER DEED.—If a sheriff's deed is defective, he has a right to make another deed and he may be compelled to do so.

[13] ADVERSE POSSESSION — TITLE — ESSENTIAL ELEMENTS. — Before one can acquire title by adverse possession, the possession must be actual, open, notorious, continuous, and uninterrupted for the statutory period; exclusive, hostile, and under a claim of right, and taxes must be paid by the adverse claimant.

[14] TENANCY IN COMMON — EXCLUSIVE POSSESSION BY ONE TENANT IN COMMON—ADVERSE POSSESSION.—The exclusive possession of an entire lot, one-half of which was owned by plaintiff as tenant in common, is not sufficient to show that his possession was adverse to his co-owner or her successors.

[15] ID.—REFUSAL TO RECOGNIZE RIGHT OF COTENANT—ADVERSE POSSESSION—OUSTER—PRESUMPTIONS.—While one tenant in common in possession may gain title by adverse possession against his cotenant, he cannot do so by merely refusing to recognize the right of the cotenant, it being insufficient to raise a presumption of ouster.

[16] ID. — POSSESSION — INTENT TO HOLD ADVERSELY — ACTS CALCULATED TO EXCLUDE COTENANT.—The possession of one tenant in common is presumed to be the possession of all, and in order to

8.   See 11 Cal. Jur. 131.
10.  See 11 Cal. Jur. 133.
11.  See 11 Cal. Jur. 141.
13.  See 1 Cal. Jur. 522; 1 R. C. L. 700.
15.  See Cal. Jur. 543; 7 R. C. L. 848.

react this presumption and make the possession adverse, it must be shown that the possession was with the intent to hold adversely, and such intent must be indicated by acts calculated to exclude the cotenant.

[17] ID.—COTENANT OUT OF POSSESSION—ADVERSE POSSESSION.—One cotenant out of actual possession cannot rely for adverse possession against another cotenant out of possession upon the possession of a third cotenant.

(1) 33 C. J., p. 1133, n. 96.   (2) 32 Cyc., p. 454, n. 6, 7, p. 455, n. 10.   (3) 34 C. J., p. 547, n. 19, 23.   (4) 33 C. J., p. 1138, n. 42 New; 34 C. J., p. 87, n. 17, p. 561, n. 8.   (5) 23 C. J., p. 798, n. 32. (6) 23 C. J., p. 737, n. 73.   (7) 23 C. J., p. 617, n. 79 New, p. 741, n. 47 New, p. 743, n. 70.   (8) 23 C. J., p. 761, n. 78, 79, 80.   (9) 23 C. J., p. 761, n. 80.   (10) 23 C. J., p. 791, n. 59, p. 798, n. 32. (11) 23 C. J., p. 617, n. 79 New.   (12) 23 C. J., p. 740, n. 5, 6. (13) 2 C. J., p. 50, n. 7, p. 51, n. 18, p. 75, n. 61, p. 80, n. 8, p. 118, n. 24, p. 122, n. 44, p. 125, n. 61, p. 203, n. 9.   (14) 38 Cyc., p. 31, n. 5.   (15) 38 Cyc., p. 25, n. 99.   (16) 38 Cyc., p. 21, n. 88, p. 23, n. 95, p. 27, n. 1, 2.   (17) 38 Cyc., p. 21, n. 88.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Benjamin K. Knight, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Hardin & Monroe and Julia M. Easley for Respondent.

PRESTON, P. J., *pro tem.*—Plaintiff James C. Sheehan brought this action under the provisions of the McEnerney Act to quiet title to a lot of land situated at the northwest corner of Broderick and Greenwich Streets, in the city and county of San Francisco. Defendant Fidelity Bond and Mortgage Company answered, alleging that it was the owner in fee simple of an undivided one-half interest in said property, and praying that its title thereto be quieted. The case was tried by the court and judgment was entered quieting the title to an undivided one-half interest in the plaintiff James C. Sheehan and the other undivided one-half interest in the defendant Fidelity Bond and Mortgage Com-

17.   See 1 Cal. Jur. 543.

pany. From this judgment the plaintiff James C. Sheehan has prosecuted this appeal.

The record before us discloses these facts: Hannah Sheehan, at the time of her death, was the owner of the entire title to the real property in question and resided thereon with her son James C. Sheehan, the plaintiff, and her daughter Anna Sheehan. Hannah Sheehan died testate in the city and county of San Francisco on the first day of December, 1904; her estate was duly probated and this property was on July 31, 1905, distributed according to her last will, to James C. Sheehan and Anna Sheehan (now Anna DeVries), in equal, undivided interests. Anna Sheehan moved from the property about three months after the death of her mother and has never returned to live upon the property. James C. Sheehan continued to live in a small cottage on the property from the death of his mother up to the commencement of this action. The property has at all times been inclosed by a substantial inclosure and James C. Sheehan has paid all taxes and street assessments levied or assessed against the entire property from the date of the death of his mother to the time of the commencement of this action.

On June 16, 1908, one A. J. Harford commenced an action in the superior court of the state of California, in and for the county of Contra Costa, against Anna DeVries (formerly Anna Sheehan), and on July 28, 1908, obtained judgment against her for the sum of $671 claimed to be due for board furnished to minor children of Mrs. DeVries. Although Anna DeVries did not appear in said action, and a default judgment was entered against her, nevertheless the court made and filed findings of fact and conclusions of law. The summons was served on the defendant Anna DeVries by R. E. Hewitt, the attorney for plaintiff in the action. On this judgment an execution was issued on July 18, 1910, and placed in the hands of the sheriff of the city and county of San Francisco, with instructions to levy upon and sell all of the right, title, and interest of Anna DeVries in and to the property here in question. Another execution was apparently issued on October 13, 1910, and also placed in the hands of the sheriff. The sheriff advertised the property and sold it on the twenty-third day of September, 1910, to the plaintiff A. J. Harford for the sum

of $100.   The sheriff's return of sale was attached to the execution dated October 13, 1910.   On December 22, 1911, a sheriff's deed was duly executed and delivered to A. J. Harford, which recited that the execution sale occurred on *September 23, 1910,* upon an execution issued *October 13, 1910.*

On April 7, 1923, Anna Sheehan executed a deed to James C. Sheehan, the plaintiff, for all her right, title, and interest in and to this property.   On August 4, 1923, after A. J. Harford had died, a corrected deed was obtained from the sheriff to A. J. Harford, correcting the recitals as to date of execution in the sheriff's deed of December 22, 1911.

On June 11, 1912, A. J. Harford and Maggie Harford, his wife, conveyed their interest in the property in question to Melvin E. Lyons and on September 5, 1922, the said Melvin E. Lyons conveyed the same property to the defendant and respondent Fidelity Bond and Mortgage Company.

The appellant James C. Sheehan assails the judgment in the case of *Harford* v. *Anna DeVries* on a number of grounds and we will notice briefly all of the contentions made for a reversal of the judgment.

[1]   The appellant contends that the judgment in *Harford* v. *DeVries* is void because the complaint in that case does not state facts sufficient to constitute a cause of action. It is thoroughly settled in this state that a judgment is *not void* if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action, so long as it apprises the defendant of the nature of plaintiff's demand.   (*Christerson* v. *French,* 180 Cal. 523–525 [182 Pac. 27]; *Blondeau* v. *Snyder,* 95 Cal. 521 [31 Pac. 591]; *Mayo* v. *Ah Loy,* 32 Cal. 477; *In re James,* 99 Cal. 374 [37 Am. St. Rep. 60, 33 Pac. 1122]; *Canadian etc. Co.* v. *Carlita etc. Co.,* 140 Cal. 672 [74 Pac. 301]; *Brush* v. *Smith,* 141 Cal. 466 [75 Pac. 55]; *Crouch* v. *Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332]; *California Casket Co.* v. *McGinn,* 10 Cal. App. 5 [100 Pac. 1077, 1079]; *Baldwin* v. *Foster,* 157 Cal. 643 [108 Pac. 714]; *Lemon* v. *Hubbard,* 10 Cal. App. 471–475 [102 Pac. 554]; *Crane* v. *Cummings,* 137 Cal. 201 [69 Pac. 984]; *Estate of Ross,* 180 Cal. 643 [182 Pac. 755].)

In the *Estate of Ross, supra,* at page 659, the supreme court, speaking through Mr. Chief Justice Angellotti, said: "It is thoroughly settled in this state that the failure of a complaint to state a cause of action is not a defect going to the jurisdiction of the superior court, and that a judgment given upon such a complaint cannot be held void upon collateral attack. In this connection it is only necessary to refer to our recent decision in *Gillespie* v. *Fender, supra."*

We have examined the complaint that is assailed and, while it is inartfully drawn, we think it sufficiently clear and certain to inform the defendant therein of the nature of the claim against her, and sufficient to give the court complete jurisdiction of the cause. Certainly the default judgment rendered thereon could not be held void upon this collateral attack under the authorities above cited.

[2] Appellant also contends that the court had no jurisdiction to enter the default, or render judgment against Anna DeVries, because the summons was served upon the defendant Anna DeVries, formerly Anna Sheehan, by one R. E. Hewitt, who was also the attorney for the plaintiff in said action. Two or three sufficient answers may be readily made to this contention: First, the record does not reveal that the R. E. Hewitt who signed his name as attorney for plaintiff in that action is the same R. E. Hewitt who served the summons upon Mrs. DeVries; second, but assuming that it is the same person and that the service was made by the attorney for the plaintiff, still it did not affect the jurisdiction of the court in said action.

Section 410 of the Code of Civil Procedure provides in part: "The summons may be served by the sheriff of the county where the defendant is found, or by *any other person* over the age of eighteen years, *not a party to the action,"* etc. (See, also, 21 Cal. Jur., pp. 534-536.) The plaintiff's attorney was not a party to the action and was competent to serve the summons.

In 32 Cyclopedia, page 454, it is stated: "If by statute, any person not a party may serve the summons, plaintiff's attorney is competent. . . . One who makes service of the writ will be presumed to be a proper person in the absence of any showing to the contrary."

[3]    Third, the judgment recites "that said defendant was duly served with summons and complaint herein, and failed to appear or demur or answer herein, and that the default of said defendant was duly and regularly entered herein." This is conclusive upon a collateral attack, such as the one made here. (*Crouch* v. *Miller & Co., supra; Sacramento Bank* v. *Montgomery*, 146 Cal. 745 [81 Pac. 138].)

[4]    It is also contended by appellant that there is no authority in law for a judgment upon findings in a default case and, because the court made its findings of fact and conclusions of law in the action of *Harford* v. *DeVries*, the judgment is a nullity and void. This contention is wholly without merit. The supreme court has repeatedly held that the filing of findings of fact and conclusions of law in a case where they are not required is a mere irregularity, or error, and is harmless and cannot in any way affect the judgment. (*Estate of Morey*, 147 Cal. 495–506 [82 Pac. 57].) In such a case findings, if made, are entirely unnecessary and form no part of the judgment-roll. (*Murray* v. *Murray*, 115 Cal. 266 [56 Am. St. Rep. 97, 37 L. R. A. 626, 47 Pac. 37]; *Thomson* v. *Thomson*, 121 Cal. 11 [53 Pac. 403]; sec. 670, Code Civ. Proc.)

[5]    Appellant also makes this contention: "The alleged execution sale is clearly void. The sheriff's return of sale shows that the alleged sale to Harford was made on September 23, 1910, on an execution issued October 13, 1910. This return of the sheriff is in law *prima facie* evidence of the truth of its contents. . . . There is no evidence in the case at bar, nor in the record, to rebut this *prima facie* proof. . . . " It is true, according to the record, that for some reason two executions were issued on the Harford judgment, but it clearly appears that the sale was made pursuant to the execution of July 18, 1910, and by some inadvertence the sheriff's return of sale was attached to the execution issued October 13, 1910, but the only levy the sheriff made in pursuance of the execution was made on the execution of July 18, 1910, and the notice of sale and all of the proceedings based on the execution sale show beyond question that the execution referred to was the one of July 18, 1910, and that the recital in the deed of December 22, 1911, was obviously a mistake made by the sheriff. There appears to

be no question of the authority of the sheriff to make the sale from the record. **[6]** It is settled law in this state that a misrecital of the execution in the sheriff's deed will not affect the validity of the deed if the sheriff had the authority. (*Shirran* v. *Dalles,* 21 Cal. App. 415 [132 Pac. 454, 462], and cases therein cited.) **[7]** The purchaser is only required to show a sale and the authority of the officer to make it; the judgment and execution prove the authority and the deed proves the sale. **[8]** All the purchaser is bound to do is to see there is a judgment which is not void, and an execution which is regular upon its face. **[9]** As to all of the acts of the officer under execution, which precede the sale, he may rely upon the legal presumption that they have been fully performed. **[10]** The validity of title to property conveyed by sheriff's deed at execution sale is not dependent upon the sheriff's return. The title is not created by the return, but is derived from the previous sale made by the sheriff by authority of his writ of execution. **[11]** The sale and the sheriff's deed are sufficient evidence of title and if a purchaser can show that the sheriff had authority to sell, it is enough and he need look no further. (*Blood* v. *Light,* 38 Cal. 653 [99 Am. Dec. 441]; *Ritter* v. *Scannel,* 11 Cal. 248 [70 Am. Dec. 775]; *Hibberd* v. *Smith,* 67 Cal. 564 [56 Am. St. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Porter* v. *Pico,* 55 Cal. 172; *McFall* v. *Buckeye Grangers' Warehouse Assn.,* 122 Cal. 468 [68 Am. St. Rep. 47, 55 Pac. 253]; *Weldon* v. *Rogers,* 157 Cal. 413 [108 Pac. 266]; *Wilson* v. *Madison,* 55 Cal. 5; *Shirran* v. *Dalles, supra;* 2 Freeman on Executions, sec. 274.) **[12]** It is likewise well settled that where a sheriff's deed is defective, he has a right to make another deed and he may be compelled to do so. (23 Cor. Jur. 740.)

Appellant also contends that he has acquired title to the undivided one-half interest formerly belonging to his sister Anna Sheehan by adverse possession.

Under the evidence in this case, we find no basis for this contention. It will be remembered that Anna Sheehan and James C. Sheehan, received the title to this property from the estate of their mother in 1905, and were tenants in common until Anna Sheehan's interest was divested by the execution sale hereinabove discussed. The testimony shows that Anna Sheehan removed from the property about three

months after the death of her mother and never returned to live upon the property; neither did she pay any taxes upon the property.

[13] The law is well settled that before one can acquire title by adverse possession, the possession must be actual, open, notorious, continuous, and uninterrupted for the statutory period; exclusive, hostile, and under a claim of right, and taxes must be paid by the adverse claimant. (*Barlow* v. *Frink*, 171 Cal. 165 [152 Pac. 290]; *Franz* v. *Mendoca*, 146 Cal. 640 [80 Pac. 1078]; *Clarke* v. *Clarke*, 133 Cal. 667 [66 Pac. 10]; *Unger* v. *Mooney*, 63 Cal. 589, at 595 [49 Am. Rep. 100].) An adverse holder who fails to establish any one of these elements cannot acquire title by adverse possession.

[14] It clearly appears, therefore, that as far as Anna Sheehan is concerned, she has no basis for a claim of title by adverse possession. Appellant is the undisputed owner of an undivided one-half interest in this property and under the evidence he never attempted to claim the other half as his own until he received the purported deed on April 7, 1923, from his sister Anna Sheehan; his claim all this time was that he owned one-half and the other half belonged to his sister. It is true that he occupied the property from the death of his mother up to the commencement of this action, and it was inclosed by a substantial fence, and he paid the taxes thereon, and his possession was no doubt *exclusive* of the entire lot, but from this it does not follow that his possession was *adverse* to his sister or Harford and his successors in interest as to the other half; he was a tenant in common with them. [15] While it is the law that one tenant in common, in possession, may gain title by adverse possession against his cotenant, he cannot do so by merely refusing to recognize the right of his cotenant as James C. Sheehan seems to have done in the case at bar. This is not sufficient to presume an ouster. (*Colman* v. *Clements*, 23 Cal. 245, and cases there cited.) [16] The possession of one tenant in common is presumed to be the possession of all, and in order to react this presumption and make the possession adverse, it must be shown that the possession was with the intent to hold *adversely*, and such intent must be indicated by acts calculated to exclude the cotenant. (*Colman* v. *Clements*, *supra*.)

80 Cal. App.—26

It appears to us from a careful examination of the entire record, including the evidence, that appellant James C. Sheehan has wholly failed to meet these requirements, and we conclude that his possession was not adverse to his cotenants.

[17] If appellant claims adverse possession in Anna Sheehan by reason of his own possession of the property, it must fail, for one cotenant out of actual possession cannot rely for adverse possession against another cotenant out of possession, upon the possession of a third cotenant; or, to state it another way, Anna Sheehan cannot rely for adverse possession against Harford and his successors in interest upon the possession of James C. Sheehan. (1 Cal. Jur. 543; *Gage* v. *Downey*, 94 Cal. 241 [29 Pac. 635].)

We are of the opinion that the judgment should be, and it is hereby, affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1927.