[Civ. No. 8796. First Appellate District, Division Two.—November 4, 1932.]

COUNTY OF SAN LUIS OBISPO, Appellant, v. JOHN E. HART et al., Respondents.

A. H. Brazil, District Attorney, and H. J. Dubin for Appellant.

Randall J. Hood for Respondents.

NOURSE, P. J.—This is a motion to affirm a judgment on the grounds that the appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. (Rule V, sec. 3, Rules for Supreme Court and District Courts of Appeal.)

The litigation involves the title to nine blocks of land lying between Strand Avenue and the mean high tide of the ocean at Oceano Beach in San Luis Obispo County. The action was one brought by the county to quiet title, the county claiming title to the disputed strip through dedication of the defendants and by adverse possession. The trial court found adversely to the county on all issues and the sole burden of this appeal is that these findings are not supported by the evidence. ▮ The first and second points raised by appellant are related to the appellant's theory that the predecessor in interest of the respondents and certain selling agents acting for him made a dedication to the public of Strand Avenue and all lands lying between the westerly boundary thereof and the ocean. On this issue the evidence is not conflicting. It overwhelmingly supports the finding of the trial court that there was no dedication and as dedication to the public is purely a matter of fact, there is nothing on this point to be presented on this appeal.

■ Appellant's third point is that when the subdivision map was filed the westerly line of Strand Avenue was the mean high water-mark of the ocean. On this issue the evidence of the witnesses as well as the photostatic copy of the subdivision map in evidence negatives appellant's claim. As this issue likewise was a pure question of fact, the trial court's findings are conclusive.

■ In its fourth point the county argues that subsequent accretions are subject to an easement in the public, and that the trial court erred in not finding on this special issue. Going back to the first point, it must be borne in mind that the trial court found that Strand Avenue was never dedicated as a public street. The undisputed evidence shows that it was never improved and never used as a public street but that on the contrary the only vehicular traffic was on the wet sands 100 feet or more to the west of the westerly street line as delineated upon the subdivision map. Appellant's claim to the accretions therefore falls because there is no base to stand on. But the evidence unmistakably demonstrates that there was no appreciable change in the line of the mean high tide since the filing of the map in 1905 to the date of the trial in January, 1930. This evidence would have demanded a finding adverse to the appellant, but the failure to make a special finding on that evidence is not available to the appellant at this time because the trial court found that the appellant did not have any right, title or interest in any portion of the land in controversy and this, of course, would include the accretions if there were any.

■ Appellant's fifth point is that the public had acquired an easement by adverse possession. Here again the evidence is conflicting. Appellant's point rests upon the testimony that the public had used portions of the land in controversy for travel and recreation. There was no evidence that the public's possession was "exclusive, hostile, and under a claim of right", elements which an adverse holder must establish if he would prevail. (*Sheehan* v. *All Persons,* 80 Cal. App. 393, 401 [252 Pac. 337], where cases are cited.) Appellant's evidence merely discloses that some people used the land from time to time for travel and picnicking, but there is no evidence that the county, which is the legal entity suing here, ever asserted any claim

by adverse possession or otherwise until this suit was filed. If the people of the state generally have any claim to or interest in the lands here in controversy they are not asserting their claims in this proceeding and we do not understand that the county could claim any right to represent the people here (*F. A. Hihn Co.* v. *City of Santa Cruz,* 170 Cal. 436, 447 [150 Pac. 62]).

■ Appellant's sixth point claiming that the defendants are now estopped from claiming adversely to the public rests entirely upon the assertion that the defendants had theretofore dedicated to the public the land in controversy. As the trial court found no dedication, the claim of estoppel falls because it is without a premise.

For the reasons given, none of the points raised by appellant requires argument or further consideration and the judgment is therefore affirmed.

Sturtevant, J., and Spence, J., concurred.