JERÓNIMO BEM, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, ETC., Respondent; EDUARDO UGARTE, Intervenor and Appellee.

No. 6483. Argued June 6, 1934.—Decided July 24, 1934.

*R. Soltero Peralta* for appellant. *A. Quirós Méndez* for intervenor and appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the Municipal Court of San Juan Jerónimo Bem filed a suit to recover rents and an execution of a bond. The complaint was signed by Rafael Soltero Peralta who also served a notice of summons on defendant Eduardo Ugarte. The latter did not appear and his default was noted and judgment recorded against him by the secretary of the municipal court. When the plaintiff was attempting to execute a judgment, Ugarte appeared in court and asked that the judgment be annulled and the municipal court acceded to the motion. The complainant filed an application for a certiorari in the District Court of San Juan.

The District Court of San Juan held, as did the Municipal Court before, that an attorney of party had no right to serve a summons. Section 92 of the Code of Civil Procedure provides as follows:

"Summons may be served by the marshal of the district where the defendant is found, or by any other person over the age of eighteen, not a party to the action. . . ."

We do not agree with the opinions of both courts that the attorney did not fall within the exception enumerated, and that he was in fact a party to the cause of action. The District Court of San Juan cites several cases from the continent where the courts have considered that the attorney was a party within the sense of Section 92, *supra*. The idea of the court was that the attorney was so confused with the client as to be indistinguishable from a party; that the attorney acts for a party in such a way, signs for the party, accepts notices for the party, etc., etc., as to become identified with him. The opinion of the District Court of San Juan, we think, exhausted every possible argument which would militate in favor of the idea that an attorney should be considered a party; that public policy was against the opposite idea.

We, however, can not escape the conviction that it is a matter of *lex scripta*. No matter how much a lawyer may be identified with his client he is in no sense a party. He does not respond personally for a judgment against his client, he can be discharged from a case without affecting the continuance of the same, he can bind his client but his identification is otherwise incomplete.

The appellant adduces other arguments but we shall consider slightly only one of them. Analyzing the jurisprudence, appellant draws attention to the fact that California has put the same interpretation on the law that we are now giving to it. *Sheehan* v. *All Persons*, 252 Pac. 337, citing 21 Cal. Jur. 534–536, 32 Cyc. 454. Perhaps, as the statute is the same, attention should be given to the interpretation of California rather than that of other states. But we have reached our conclusion on the ground that the letter of the law is clear.

Nevertheless, we are convinced that it is not desirable practice for on attorney to serve the summons in a case, and what has happened in the suit before us is illustrative of the same. The very fact that attorneys are officers of the court

should ordinarily prevent them from taking steps that may be subject to inquiry in the courts.

The judgment of the District Court must be reversed and the case sent back to the said district court with instructions to issue an order annulling the order of the municipal court which in turn had annulled the judgment in favor of the petitioner.