JERÓNIMO BEM, peticionario y apelante, *v.* CORTE MUNICIPAL DE SAN JUAN, P. R., Sección Primera, HON. M. GAETÁN BARBOSA, JUEZ, recurrida; EDUARDO UGARTE, interventor y apelado.

No. 6483.—*Sometido:* Junio 6, 1934. *Resuelto:* Julio 24, 1934.

*R. Soltero Peralta,* abogado del apelante; *A. Quirós Méndez,* abogado del interventor apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Jerónimo Bem radicó ante la Corte Municipal de San Juan un pleito en cobro de cánones de arrendamiento y en ejecución de fianza. La demanda estaba firmada por Rafael Soltero Peralta, quien también diligenció el emplazamiento contra el demandado Eduardo Ugarte. Este último no compareció y se anotó su rebeldía y se registró sentencia en su contra por el secretario de la Corte Municipal. Cuando el demandante trataba de ejecutar una sentencia, Ugarte compareció ante la corte y solicitó que la sentencia fuese anulada, y la corte municipal declaró con lugar su moción. El

demandante radicó una petición de *certiorari* en la Corte de Distrito de San Juan.

Dicha corte de distrito resolvió, al igual que la corte municipal lo había hecho antes, que el letrado de una de las partes no tenía derecho a diligenciar el emplazamiento. El artículo 92 del Código de Enjuiciamiento Civil dispone lo siguiente:

"La citación puede hacerse por el márshal del distrito donde se encontrare el demandado, o por cualquier otra persona mayor de diez y ocho años que no fuere parte en la acción. . ."

No estamos de acuerdo con las opiniones de ambas cortes, al efecto de que el letrado no cae dentro de la excepción enumerada y que en realidad era una parte en la acción. La Corte de Distrito de San Juan cita varios casos del continente en que las cortes han resuelto que el letrado era una parte dentro del significado del artículo 92, supra. La idea de la corte fué que el letrado estaba identificado en tal forma con el cliente que no podía distinguírsele de la parte; que el letrado actúa a nombre de la parte en tal forma, firma por ella, acepta notificaciones en su nombre, etc., etc., que se identifica con ella. La opinión de la Corte de Distrito de San Juan, a nuestro juicio, agotó todo argumento posible que podría militar en favor de la idea de que un letrado deba considerarse como una parte; que la política pública era contraria a la idea opuesta.

Sin embargo, no podemos dejar de llegar a la conclusión de que se trata de una cuestión de *lex scripta*. No importa cuánto un letrado pueda indentificarse con su cliente, el primero no es en modo alguno una parte en el litigio. No responde personalmente de una sentencia dictada en contra de su cliente, puede retirarse del caso sin afectar la continuación del mismo, puede obligar a su cliente, pero fuera de eso su identificación es incompleta.

El apelante aduce otros argumentos, mas sólo consideraremos ligeramente uno de ellos. Analizando la jurispru-

dencia, el apelante llama nuestra atención hacia el hecho de que California ha dado la misma interpretación a la ley que ahora le estamos dando. *Sheehan* v. *All Persons*, 252 Pac. 337, citando 21 Cal. Jur. 534–536, 32 Cyc. 454. Quizá como el estatuto es el mismo, debe prestársele atención a la interpretación dada por California más bien que a la de otros estados. Pero hemos llegado a nuestra conclusión fundados en que la letra de la ley es clara. No obstante, estamos convencidos de que no es una práctica deseable que un abogado diligencie el emplazamiento en un caso, y lo que ha ocurrido en el recurso que tenemos a la vista es demostrativo de ello. El hecho en sí de que los abogados son funcionarios de la corte debe de ordinario impedirles que den pasos que puedan estar sujetos a investigación ante las cortes.

*La sentencia de la corte de distrito debe ser revocada y devolverse el caso a dicha corte de distrito con instrucciones de que libre una orden anulando la dictada por la corte municipal, que a su vez había anulado la sentencia dictada en favor del peticionario.*